ZEHMER, Judge.
We review an order taxing costs upon appellees’ motion. The trial court allowed some costs, denied others, and merely entered an order awarding a certain amount without itemizing such costs.
Appellant contends that the trial court was required to issue an itemized order allowing or disallowing each item of cost requested, citing Sims v. Barnes, 289 So.2d 753 (Fla. 1st DCA 1974), and Alwais v. McLane, 384 So.2d 45 (Fla. 4th DCA 1980) (trial court’s failure to itemize costs was reversible error). Appellant further argues that the court’s failure to do so has made it impossible to obtain proper appellate review because appellant cannot determine which items were approved or disapproved. Appellees, on the other hand, contend there is no Florida case which holds that failure to itemize costs is per se reversible, because all that is required is a sufficient basis in the record to support the trial court’s exercise of discretion in taxing costs, citing Baker v. Varela, 416 So.2d 1190 (Fla. 1st DCA 1982).
We strongly emphasize that unless the trial court grants or denies the motion to tax costs in its entirety, the order should itemize those items allowed and those disallowed, and the amounts approved for each item. Such practice avoids needless appeals such as this, and more readily facilitates appellate review where there are genuine issues of dispute over allowable costs.
We affirm the appealed order, however, because we have encountered no difficulty in determining from the record which items and amounts were allowed. The trial judge made notations on the motions, checking each item allowed and placing an X by the items disallowed. The items so checked add up precisely to the amount of costs approved in the order. We find no error in the allowance of any of these items. Accordingly, the appealed order is
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.