May, C.J.
Having affirmed the underlying final judgment in the substantive appeal, we now review the trial court’s award of attorney’s fees in a dispute over parking spaces. The condominium association appeals an attorney’s fees award, having lost the dispute with the developer. It argues the trial court erred in the amount of fees awarded, but does not dispute entitlement. We affirm.
After a tenant sued the association in a dispute over parking spaces, the association filed a nine-count third-party complaint against the developer. The trial court dismissed the initial third-party complaint. The developer then gave notice of its intent to seek prevailing party attorney’s fees, pursuant to an agreement between the developer and the individual unit owners and FDUTPA.[1]
The association then made two more unsuccessful attempts to state a cause of action against the developer. The amended third-party complaint contained eleven counts, including a breach of contract claim. The trial court dismissed the amended third-party complaint on March 30, 2010.
The second amended third-party complaint contained five counts, but did not include a claim for breach of contract. Nevertheless, in both amended third-party complaints, the association claimed an entitlement to attorney’s fees, pursuant to paragraph 16 of the unit owners’ purchase agreements. Paragraph 16 provides, in part:
16. Litigation. In the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys’, paralegals’ and para-professionals’ fees and court costs at all trial and appellate levels.
Ultimately, the trial court dismissed the second amended third-party complaint with prejudice, finding the association had no standing, the claims were not ripe, and the association had not suffered any damage. The developer then moved for entitlement to attorney’s fees and costs.
*388 The developer argued entitlement to attorney’s fees for the entire litigation, including the proceedings to determine the amount of fees. The association requested that the trial court deny the developer’s request for fees. The parties agreed to proceed without a fee expert regarding the reasonableness of the hourly rates.
The trial judge concluded that the association’s various contractual, common law, and statutory third-party claims were all inextricably intertwined with one set of core facts and had no separable damages. The trial court awarded all fees incurred in the litigation to the developer including time spent litigating the amount of fees.
The trial court awarded $80,657 for attorney’s fees incurred through the entry of the final judgment, $21,857.50 for litigating the amount, and $3,326.79 in taxable costs, for a total of $105,841.29. From this fee and cost judgment, the association now appeals.
The association argues the various claims were not based upon common facts or related legal theories, and that each amended complaint pursued an entirely different legal theory than its predecessor. The developer responds that all of the complaints alleged alternative theories of liability arising out of a common core of facts—the assignment of parking spaces. The developer also argues that the association’s continued claim for fees throughout its third-party complaints reinforce its position that the claims were part of a single dispute and were inextricably intertwined.
“Determination of attorney’s fees is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. However, the determination of whether multiple claims within a lawsuit are separate and distinct is a matter of law to be reviewed de novo.” Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002) (citation omitted).
This Court has previously held:
In the event a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims and “where the claims involve a ‘common core’ of facts and are based on ‘related legal theories,’ a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney’s fees were sought” or were authorized.
Chodorow v. Moore, 947 So.2d 577, 579 (Fla. 4th DCA 2007) (quoting Anglia Jacs & Co., 830 So.2d at 172). “‘The party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible.’ ” Id. (quoting Lubkey v. Compuvac Sys., Inc., 857 So.2d 966, 968 (Fla. 2d DCA 2003)).
We agree with the developer and the trial court. The various third-party complaints focused on a common core set of facts. And, while the fees might be capable of apportionment between the breach of contract claims in the original and amended complaint and the other claims in the second amended complaint, the broad language in the fee provision contemplates its application to more than breach of contract claims.
The fee provision provided for an award of fees for “any litigation between the parties under this Agreement.” (Emphasis added). Here, the claims in the second amended complaint related to the same core set of facts concerning the assignment of parking spaces under the agreement. *389 In fact, the association continued to request attorney’s fees under the agreement in its second amended third-party complaint notwithstanding that it no longer alleged a breach of contract claim. We find no error in the trial court’s ruling on this issue.
We also find no error in the trial court’s award of fees for litigating the fee amount. The association argues that State Farm Fire & Casualty Co. v. Palma, 629 So.2d 880 (Fla.1993), and its progeny limit an attorney’s fees award to time spent in litigating the entitlement to, but not the amount of, fees incurred. The developer responds that the contractual prevailing party fee provision was broad enough to encompass time spent in litigating the amount of fees, and that Palma’s statutory analysis is inapplicable to the contractual basis for fees in this case. We agree with the developer.
“Entitlement to attorney’s fees based on the interpretation of a statute or contract is also reviewed de novo.” State Farm Fla. Ins. Co. v. Silber, 72 So.3d 286, 288 (Fla. 4th DCA 2011).
‘“It is well-settled that attorneys’ fees can derive only from either a statutory basis or an agreement between the parties.’ ” Fla. Hurricane Prot. & Awning, Inc. v. Pastina, 43 So.3d 893, 895 (Fla. 4th DCA 2010) (quoting Trytek v. Gale Indus., Inc., 3 So.3d 1194, 1198 (Fla.2009)). Unlike Palma, which relied upon a statute and limited fees to those incurred in litigating entitlement, the contractual provision here authorizes attorney’s fees for “any litigation” between the parties under the agreement. This language is broad enough to encompass fees incurred in litigating the amount of fees.[2]

Affirmed.

GROSS and DAMOORGIAN, JJ„ concur.

. Florida Deceptive and Unfair Trade Practices Act, §§ 501.201-23, Fla. Stat. (2009).

. We have previously permitted attorney’s fees awards for litigating the amount in other contexts. See, e.g., Bennett v. Berges, 50 So.3d 1154, 1161 (Fla. 4th DCA 2010) (“Because the trial court awarded fees as a sanction against Bennett, it was within its discretion to include 'fees on fees’ for the time spent in litigating the amount of fees.”); Schneider v. Schneider, 32 So.3d 151, 158 (Fla. 4th DCA 2010) ("However, no ban on fees for litigating fees, as a matter of law, is contained in ... the statute.... Palma simply does not apply to section 61.16 fee awards.”).