IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 25, 2017

TRIAL PRACTICES, INC.,                    )
                                          )
          Appellant,                      )
                                          )
v.                                        )      Case Nos. 2D13-6051
                                          )                2D14-86
HAHN LOESER & PARKS, LLP, as              )
Substitute party for Jack J. Antaramian,  )
                                          )      CONSOLIDATED
          Appellee.                       )
                                          )

BY ORDER OF THE COURT:

          Upon consideration of the appellant's motion for clarification filed April 27,

2017, it is

          ORDERED that the appellant's motion for clarification is granted as it

relates to the issues of the trial court's cost award including reimbursement for

payments made to fact witnesses for their assistance with case and discovery

preparation.  The appellant's motion to certify questions of great public importance is

granted in part.  However, we deny both the appellant's motion for rehearing and

motion for rehearing en banc.  Accordingly, we withdraw our prior opinion of April 12,

2017, and substitute this opinion in its place.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL
CLERK

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRIAL PRACTICES, INC.,                      )
                                            )
            Appellant,                      )
                                            )
v.                                          )        Case Nos. 2D13-6051
                                            )                  2D14-86
HAHN LOESER & PARKS, LLP, as                )
substitute party for Jack J. Antaramian,    )        CONSOLIDATED
                                            )
            Appellee.                       )
                                            )
_____    )

Opinion filed October 25, 2017.

Appeal from the Circuit Court for
Hillsborough County; Herbert J. Baumann,
Jr., Judge.

G. Donovan Conwell, Jr., of Conwell
Business Law, P.A., Tampa, for Appellant.

Edmond E. Koester of Coleman,
Yovanovich & Koester, P.A., Naples, for
Appellee.

MORRIS, Judge.

            Trial Practices, Inc. (TPI), appeals a final judgment awarding attorneys'

fees, costs, and prejudgment interest to Hahn Loeser & Parks, LLP (Hahn), as

substituted for Jack J. Antaramian who is deceased.  The underlying litigation began

when TPI brought suit against Antaramian to recover fees it alleged it was owed for various trial support services that TPI provided to Antaramian in his suit against a third party. Antaramian successfully defended against TPI's suit, and as a result, he sought prevailing party attorneys' fees and costs in the trial court.[1] Ultimately, the trial court awarded him prevailing party attorneys' fees, costs, and prejudgment interest.

On appeal, TPI argues that the trial court erred by awarding attorneys' fees and costs for litigating the amount of attorneys' fees. As will be discussed herein, we disagree with that argument and we therefore affirm that portion of the award. TPI also argues that Hahn is not entitled to prevailing party attorneys' fees because Antaramian improperly paid expert witness fees to fact witnesses. And TPI challenges the inclusion of overhead expenses within the cost award. While we find no error in the trial court's ultimate conclusion regarding the propriety of payments to the fact witnesses for their assistance with case and discovery preparation or in the trial court's award of costs for overhead expenses to Antaramian's attorneys, we conclude that the trial court's failure to itemize an award of $317,873.64 within the overall cost award requires reversal. We also agree with TPI that the trial court erred in awarding prejudgment interest running from the time the attorneys' fees and costs were incurred rather than from the time when they were awarded. Additionally, it is unclear whether the prejudgment interest award was based, in part, on disallowed office overhead expenses. Consequently, we must reverse the trial court's prejudgment interest award. We affirm all other issues without further comment.

---

[1]Antaramian was also successful on appeal and was awarded appellate attorneys' fees by this court due to his status as the prevailing party. See Trial Practices, Inc. v. Antaramian, 97 So. 3d 228 (Fla. 2d DCA 2012) (table decision).

**BACKGROUND**

In August 2005, TPI entered into its contract with Antaramian to perform litigation support services in Antaramian's lawsuit against a third party (the "Consulting Agreement"). TPI was required to assist Antaramian and his counsel in preparing for trial and in presenting the case during trial. The Consulting Agreement required Antaramian to compensate TPI five percent of any gross recovery that Antaramian obtained as a result of a verdict in his favor or settlement. Ultimately, Antaramian and the third party settled the lawsuit with each party agreeing to drop their claims against the other party. Thereafter, Antaramian refused to pay TPI the five percent fee pursuant to the Consulting Agreement under the theory that Antaramian did not obtain a gross recovery and, therefore, did not owe anything to TPI.

In June 2006, TPI sued Antaramian for breach of the Consulting Agreement. The issue to be decided was whether Antaramian obtained a gross recovery through his settlement with the third party thereby obligating him to pay TPI its fee. The jury returned a verdict in favor of Antaramian. TPI appealed, but this court affirmed the final judgment.

Antaramian then sought prevailing party attorneys' fees and costs pursuant in part to a provision in the Consulting Agreement. The provision provides in relevant part that the

> prevailing party in any action arising from or relating to this agreement will be entitled to recover all expenses of any nature incurred in any way in connection with the matter, whether incurred before litigation, during litigation, in an appeal, . . . or in connection with enforcement of a judgment, including, but not limited to, attorneys' and experts' fees.

Antaramian sought $2,551,796.26, exclusive of prejudgment interest. After a hearing, the trial court granted Antaramian's motion, though in a reduced amount of $2,004,432.58. The trial court also awarded prejudgment interest in the amount of $462,709.81 "from the date the attorneys' fees and costs were incurred." Thus the total award was $2,467,142.39.

In making the award, the trial court found that the majority of Antaramian's witnesses were fact witnesses and that Antaramian had improperly paid them as if they were expert witnesses, which was prohibited by section 92.142(1), Florida Statutes (2013). The trial court also found that the prevailing party provision in the Consulting Agreement did not entitle Antaramian to recover the full amount paid to the fact witnesses because TPI could not have foreseen that Antaramian would have paid the witnesses at a rate higher than what they were entitled to be compensated. However, the court noted that the fact witnesses also "assisted in both case and discovery preparation" thereby rendering them consulting experts. Consequently, the trial court permitted Antaramian to recover "certain fees charged." Those fees were apparently part of a $317,873.64 cost award.

Additionally, the trial court found that Antaramian could recover attorneys' fees and costs for his attorneys' litigation of the issues of entitlement to and the amount of attorneys' fees and costs. The trial court explained that the attorneys' fees and costs provision in the Consulting Agreement is broad enough to encompass such an award.

The trial court also found that Antaramian was entitled to recover his costs incurred in connection with the action, but the court noted that the Consulting Agreement did not extend so far as to require payment for "an 'overhead allocation' of

- 4 -

[Antaramian's] staff and rent paid on [his] behalf."  While the trial court awarded separate cost awards for various attorneys who represented Antaramian, TPI contends that the $317,893.64 cost award erroneously includes or at least fails to indicate whether it includes $255,000 of Antaramian's office overhead expenses which the trial court expressly disallowed.

### ANALYSIS

I. Award of Attorneys' Fees and Costs for Litigating the Amount of Attorneys' Fees and Costs

TPI challenges the award of $40,346 which was the portion of the final judgment attributed to Antaramian's attorneys' litigation of the issue of the amount of attorneys' fees and costs.  TPI contends that Antaramian was not entitled to recover attorneys' fees and cost for litigating the amount of fees to be recovered,[2] even though a fee-shifting provision in the parties' contract provides that such fees and costs may be recovered.

Both the Florida Supreme Court and this court have recognized that when parties are seeking attorneys' fees pursuant to a statute, the parties are not necessarily entitled to recover attorneys' fees for litigating the amount of fees.  See, e.g., State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 833 (Fla. 1993); Wight v. Wight, 880 So. 2d 692, 694 (Fla. 2d DCA 2004).  But in this case, the attorneys' fees and costs were not awarded pursuant to a statute.  Instead, they were awarded pursuant to the fee-shifting provision in the Consulting Agreement.  And we agree with the trial court that the provision is broad enough to encompass the award of fees and costs for

- 5 -

litigating the amount of attorneys' fees. Parties may "freely contract on the issue of attorney[s'] fees," Precision Tune Auto Care, Inc. v. Radcliffe, 815 So. 2d 708, 710 (Fla. 4th DCA 2002), and we will not rewrite a contract in order to relieve TPI of the result of its obligation under the Consulting Agreement, see Beach Resort Hotel Corp. v. Wieder, 79 So. 2d 659, 663 (Fla. 1995).

We are not persuaded by the cases cited by TPI: Oquendo v. Citizens Property Insurance Corp., 998 So. 2d 636, 638 (Fla. 3d DCA 2008), Paladyne Corp. v. Weindruch, 867 So. 2d 630, 634 (Fla. 5th DCA 2004), and Mangel v. Bob Dance Dodge, Inc., 739 So. 2d 720, 723-24 (Fla. 5th DCA 1999). In those cases, the parties seeking the awards of fees relied on retainer agreements with their attorneys as the basis for the parties' recovery of fees from the opposing parties. But here, Antaramian did not rely on a retainer agreement with his counsel as the basis for recovery of attorneys' fees and costs. Rather, he relied on the Consulting Agreement which was an agreement between himself and TPI. As already discussed herein, the Consulting Agreement includes a very broad fee-shifting provision which permits an award of fees that were incurred by the prevailing party in any matter that is connected with the Consulting Agreement.

We find Waverly at Las Olas Condominium Ass'n v. Waverly Las Olas, LLC, 88 So. 3d 386 (Fla. 4th DCA 2012), to be instructive to our case. In Waverly, a tenant sued a condominium association in a dispute over parking spaces, and the association filed a third-party complaint against the developer. After the third-party complaint was dismissed, the developer sought prevailing party attorneys' fees against

<hr>

[2]TPI presents no argument on the propriety of awarding attorneys' fees and costs for litigating entitlement to attorneys' fees. Since there is no dispute on this

- 6 -

the association pursuant in part to an agreement between the developer and the individual unit owners. As part of the fee request, the developer sought to recover fees that were expended on litigating the amount of fees. Id. at 388. Because the trial court concluded that the association's claims were all inextricably intertwined with one set of core facts, the trial court awarded all fees incurred to the developer, including fees for time spent on litigating the amount. Id.

On appeal, the Fourth District upheld the fee award. The Fourth District explained that "[t]he various third-party complaints focused on a common core set of facts" and that although it might have been possible to apportion the fees between the breach of contract claims and the other claims, "the broad language in the fee provision contemplate[d] its application to more than breach of contract claims." Id. Specifically, the fee provision at issue in Waverly "provided for an award of fees for '**any** litigation between the parties under this Agreement.' " Id. The Fourth District also upheld the trial court's decision to award fees for litigating the amount of attorneys' fees. The court concluded that the contractual provision was "broad enough to encompass fees incurred in litigating the amount of fees." Id. at 389. In doing so, the court distinguished Palma on the basis that it involved a request for fees pursuant to a statute. Waverly, 88 So. 3d at 389.

Similarly here, the fee-shifting provision was drafted in such a way that it broadly encompasses all claims that were connected in any way to the Consulting Agreement. Further, the fee-shifting provision permits recovery of "all expenses of any nature incurred in any way" including attorneys' fees. Consequently, as the Fourth

issue, we do not address it.

District did in <u>Waverly</u>, we conclude that the language in the fee-shifting provision is "broad enough to encompass fees incurred in litigating the amount of fees." <u>Id.</u> We hold that the trial court did not err in including an award of attorneys' fees and costs for time spent on litigating the amount of fees.

### II. The Cost Award's Inclusion of Recoverable Payments to Fact Witnesses for Assistance with Case and Discovery Preparation and Possible Inclusion of Antaramian's Office Overhead Expenses

TPI argues that payment to the fact witnesses of more than $5 per day violates section 92.142(1) and constitutes sanctionable conduct. Thus TPI contends that the trial court should have rejected Antaramian's total request for prevailing party attorneys' fees and costs based on this alleged misconduct. TPI also asserts that payment of prevailing party attorneys' fees and costs under these circumstances was not reasonably contemplated by the parties at the time they entered into the Consulting Agreement. TPI further contends that the trial court's award of costs improperly included Antaramian's office overhead expenses.

Below, the trial court agreed that attorneys who testify at trial as fact witnesses are not entitled to the same hourly fee as an expert witness and, instead, that they are entitled only to $5 per day, the amount of witness compensation provided for in section 92.142. The trial court also agreed that the fee-shifting provision in the Consulting Agreement does not entitle Antaramian to recover the full amount paid to the attorney witnesses because TPI could not have foreseen that the witnesses would have been paid at a rate higher than that to which they were entitled. However, the trial court did permit recovery of "certain fees charged" by the witnesses because the trial

court found that they also acted as consulting experts who "assisted in both case and discovery preparation."

At the time of trial, rule 4-3.4(b) of the Rules Regulating the Florida Bar provided that a lawyer could pay witnesses in the following manner: "reasonable expenses incurred by the witness attending or testifying at proceedings; a reasonable noncontingent fee for professional services of an expert witness; and reasonable compensation to reimburse a witness for the loss of compensation incurred by reason of preparing for, attending, or testifying at proceedings."  Subsequently, in 2014, the rule was amended to omit the explicit reference to payment for loss of compensation. The relevant portion of the rule now provides that a lawyer may pay "reasonable compensation to a witness for time spent preparing for, attending, or testifying at proceedings."  R. Regulating Fla. Bar 4-3.4(b); In re Amendments to the Rules Regulating the Fla. Bar, 140 So. 3d 541, 567 (Fla. 2014).  Notably, while eliminating the explicit reference to "loss of compensation," the court left intact the portion of the rule permitting payment of reasonable compensation for the witness's time spent preparing for, attending, or testifying at the proceedings.  Such payments have long been permitted as long as the payment is not conditioned on the content of the testimony. See ABA Formal Op. 96-402 (1996), Propriety of Payments to Occurrence Witnesses. Thus both versions of the rule acknowledge the value of a witness's time as it relates to preparing for, attending, and testifying at trial.  And while the amended rule does not govern this case, we emphasize that neither version of the rule makes it unethical or illegal for a party to pay fact witnesses for their expenses incurred in attending or

- 9 -

testifying at trial or reasonable compensation for their time spent in preparing for, attending, or testifying at trial.

In this case, Antaramian requested $715,467.61 for legal expenses, litigation support, lodging, fuel, and airfare as listed in the spreadsheet attached to the affidavit of Robert Frazitta, Antaramian's controller. Of this amount, $255,000 appears to be litigation support expenses as incurred by Antaramian Development Corporation of Naples (ADCN), which TPI argues were Antaramian's office overhead expenses that were nontaxable. This leaves an amount of $460,467.61 in fees, expenses, and costs that were charged to Antaramian by other entities for legal services, litigation support, and related charges (such as lodging, fuel, and airfare). However, after considering this amount as well as the assistance provided by the fact witnesses in case and discovery preparation, the trial court found—consistent with rule 4-3.4(b)—that Antaramian could not recover all of the requested costs for the payments to the witnesses. Thus the trial court awarded Antaramian costs to recover his payments to the fact witnesses but did so in a reduced amount. The trial court awarded $317,873.64 "with . . . respect [to] fees, costs[,] and expenses for which Antaramian is indebted or has paid as testified to by Robert Frazitta and as introduced at the evidentiary hearing."

We agree with the trial court's analysis of section 92.142 as well as the trial court's conclusion that Antaramian was entitled to recover (as costs) the fees paid to witnesses for their assistance with case and discovery preparation. In doing so, we reject TPI's argument that Antaramian's conduct of paying the attorney fact witnesses anything more than $5 per day constituted illegal conduct that negated his right to recover prevailing party attorneys' fees and costs. We find no conflict between the

- 10 -

statute and the rule. The statute restricts payments to witnesses for their attendance and thus presumably their actual testimony at trial. But the rule addresses payments for entirely different and compensable items: witnesses' <u>expenses incurred</u> in connection with their attendance and testimony at trial and reasonable compensation for the time spent by the witnesses in <u>preparing for</u>, attending, and testifying at trial so long as the payments are not conditioned on the content of the witnesses' testimony.[3] Thus we interpret the rule to mean that witnesses may be compensated not only for travel related expenses, such as airfare, car rentals, and hotel expenses, but also for a witness's time spent in responding to discovery and appearing at depositions. At least some of the witnesses in this case testified that they billed for their time spent in responding to discovery and appearing at depositions, and we find no error in the trial court's conclusion that Antaramian was entitled to be reimbursed for his payments to the witnesses for those items, especially where there was no evidence presented that the payments constituted any sort of bonus or that they were contingent on any type of recovery made by Antaramian.

The trial court's recognition of the limitation on payments to witnesses for their attendance and testimony at trial as set forth in section 92.142 indicates that the

---

[3]We conclude that both the applicable and the newly amended versions of the rule permit payments for a witness's time spent in preparation for trial. While the applicable version of the rule more explicitly referred to payments for a witness's loss of compensation incurred by reason of the witness's preparation for trial, we do not think "loss of compensation" is the determinative factor. As previously noted, payments for a witness's time spent preparing for trial have long been permitted so long as the payments are not conditioned on the witness's testimony. Further, the fact that the amended version of the rule removed the reference to "loss of compensation" and now refers to compensation for "time spent preparing for, attending, or testifying at proceeding," leads us to conclude that the focus is on the value of the witness's time, even where no lost monetary amount is proven.

award for "certain fees charged" was not meant to be compensation for the witnesses' trial testimony. Indeed, when the award provision relating to the witnesses is read in full context, it is apparent that that portion of the award was based only on the witnesses' time spent in preparing for trial, i.e., their assistance with case and discovery preparation.

To the extent that TPI argues that it could not have reasonably foreseen that Antaramian would pay the attorney fact witnesses anything more than $5 per day, we likewise reject that assertion based on our conclusion that rule 4-3.4(b) permits the payment of reasonable compensation to witnesses for preparing for, attending, and testifying at proceedings which, in this case, includes assistance with case and discovery preparation.

We acknowledge that the rule does not expressly state that witnesses may be paid for "assistance with case and discovery preparation." But for the reasons we explained, we hold that the rule's language is broad enough to encompass such payments. Nevertheless, we agree with TPI that this is an issue that should be presented to the Florida Supreme Court. We therefore certify the following question as one of great public importance:

> DOES RULE 4-3.4(B) OF THE RULES REGULATING THE
> FLORIDA BAR PERMIT A PARTY TO PAY A FACT
> WITNESS FOR THE WITNESS'S ASSISTANCE WITH
> CASE AND DISCOVERY PREPARATION?

Despite our conclusion that Antaramian was entitled to be reimbursed for the payments made to the fact witnesses, TPI has raised another argument related to the costs that were awarded to Antaramian which requires us to reverse the $317,873.64 cost award. From the record before us, we cannot conclude that the

award is supported by competent, substantial evidence.  This is because the trial court failed to itemize the award, and we cannot determine which costs the trial court deemed taxable and which it deemed nontaxable.  Although the trial court made the finding that Antaramian was not entitled to recover costs for " 'overhead allocation' of the normal staff and rent paid" on his behalf, the trial court's order also awarded costs to Antaramian as set forth in his hearing exhibits 1 and 13.  A comparison of the two exhibits reveals that Antaramian's prejudgment interest calculation spreadsheet contained figures matching figures on the attachment to Frazitta's affidavit and that attachment included Antaramian's office overhead expenses.  Thus Antaramian's prejudgment interest calculation appears to be based on an amount which includes the disallowed office overhead expenses.  And if the trial court awarded prejudgment interest that was calculated based on amounts that included Antaramian's office overhead expenses, that fact necessarily implies that those office overhead expenses are part of the cost award itself.  Although Antaramian's prejudgment interest calculation spreadsheet indicates that there was an adjustment made discounting Frazitta's costs, that fact does not save the $317,873.64 cost award.  Absent an itemization, the award on its face could be interpreted to include costs for the disallowed office overhead expenses.[4]  Similarly, we are unable to discern what portion of the award was for the payment to fact witnesses for their assistance with case and discovery preparation.  For this reason, we reject TPI's assertion that we must offer

---

[4]We acknowledge that the award could also be interpreted to exclude the office overhead expenses, but it is precisely because the award could be construed in two different ways that renders the award problematic.

guidance to the trial court as to the reasonableness of the amounts paid to the fact witnesses.

Where a trial court reviews a motion to tax costs, it "should consider each item of cost and determine whether it should be allowed in whole or in part or disallowed." Northbrook Life Ins. Co. v. Clark, 590 So. 2d 528, 528 (Fla. 2d DCA 1991). And a trial court's failure to itemize costs, especially where a motion to tax costs is denied in part, can result in a reversal. See id. ("Because [the appellant] failed to itemize these costs, there was no way to determine whether they were all taxable."); Winn-Dixie Stores, Inc. v. Reddick, 954 So. 2d 723, 730 (Fla. 1st DCA 2007) (holding that the trial court erred by failing to itemize which costs it chose to allow or disallow, thereby precluding intelligent appellate review of the awarded costs); Kirkland v. Thurmond, 519 So. 2d 717, 718 (Fla. 1st DCA 1988) (explaining that "unless the trial court grants or denies [a] motion to tax costs in its entirety," the trial court should itemize those costs "allowed and those disallowed [] and the amounts approved for each item" in order to facilitate appellate review). Thus because the trial court failed to itemize the $317,893.64 cost award and because it could be construed to include disallowed costs, we must reverse this award and remand for the trial court to determine which costs were taxable and which costs were nontaxable.

III. Challenge to Inclusion of Costs to Counsel for Overhead

TPI also challenges the various cost awards to Antaramian's attorneys in the total amount of $89,415.48 to the extent that the awards include overhead expenses such as postage, Westlaw research, office supplies, an iPad, travel expenses, telephone calls, courier service, and photocopies. TPI cites cases that stand

for the proposition that such overhead expenses are nontaxable unless there is evidence that they are reasonably necessary to prosecute or defend the case. See Lewis v. Thunderbird Manor, Inc., 60 So. 3d 1182, 1182 (Fla. 2d DCA 2011); Bolton v. Bolton, 412 So. 2d 72, 73 (Fla. 2d DCA 1982); Landmark Winter Park, LLC v. Colman, 24 So. 3d 787, 789 (Fla. 5th DCA 2009). However, courts have acknowledged that a party may recover overhead expenses as part of a cost award where a contract between the parties permits such an award. See In re Amendments to Unif. Guidelines for Taxation of Costs, 915 So. 2d 612, 614 (Fla. 2005) (recognizing that "guidelines are advisory only" and "are not intended to . . . limit the amount of costs recoverable under a contract or statute"); Panama City-Bay Cty. Airport & Indus. Dist. v. Kellogg Brown & Root Servs., Inc., 136 So. 3d 788, 788 n.1 (Fla. 1st DCA 2014) ("The parties' contract broadly allows for the prevailing party to recover on 'any and all claims actions, damages, losses and costs' and 'all costs, expenses, and attorney's fees,' without specifying limits, such as those provided under the Statewide Uniform Guidelines of Taxation of Costs in Civil Cases."). And here, we construe the fee-shifting provision in the Consulting Agreement to be broad enough to include such expenses. Our treatment of these overhead expenses—versus Antaramian's personal office overhead expenses—is different because the fee-shifting provision here permit the recovery of "all expenses of any nature incurred in any way in connection with the matter," and the attorneys' overhead expenses as described fall within that definition. But the reason why we (and presumably the trial court) concluded that Antaramian's personal office overhead expenses are not recoverable is because the expenses related to his staff and rent are expenses that exist independently of the action. We find no error in the

distinct treatment of the types of overhead expenses, and we conclude that the trial court did not err in awarding costs related to Antaramian's attorneys' overhead expenses that were related to this action.

IV. Prejudgment Interest Award

In awarding prejudgment interest on the award of attorneys' fees and costs, the trial court found that the attorneys' fees and costs were an element of damages. The trial court therefore found that the interest accrued from the date that the fees and costs were incurred. However, fees awarded pursuant to a prevailing party fee provision in a contract are not damages because the party requesting them is not entitled to the fees until he becomes the prevailing party, and therefore, interest does not accrue prior to the date that entitlement to attorneys' fees is fixed by agreement, an arbitration award, or by a court determination. See Butler v. Yusem, 3 So. 3d 1185, 1186 (Fla. 2009); Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 930-31 (Fla. 1996). We reject Hahn's argument that entitlement to fees was fixed on the date that the Consulting Agreement was signed in this case. While the fee-shifting provision is broad and establishes a right to prevailing party attorneys' fees, that right was not vested on the date that the Consulting Agreement was signed. Rather, that right was established on the date that the trial court determined that Antaramian was the prevailing party. Consequently, the trial court erred by awarding prejudgment interest running from the date that the fees were incurred rather than from the date that Antaramian was deemed to be the prevailing party.

- 16 -

There is an additional reason for reversal relating to the prejudgment interest award. In rendering its order, the trial court expressly relied on Antaramian's prejudgment interest calculation spreadsheet. In fact, the trial court's prejudgment interest award amount of $462,709.81 is the exact amount of interest listed on Antaramian's prejudgment interest calculation spreadsheet. But as we discussed in relation to the award of costs, the prejudgment interest calculation spreadsheet appears to include the disallowed office overhead expenses as the basis for the prejudgment interest calculation, and it is unclear whether the trial court's $317,873.64 cost award included all or a portion of Antaramian's disallowed office overhead expenses. If the cost award included such disallowed expenses, then the award of prejudgment interest was incorrectly calculated. Accordingly, we reverse the trial court's award of prejudgment interest, and we remand for a recalculation of the award running from the date that the attorneys' fees and costs were awarded rather than from when they were incurred. Additionally, if the trial court's prejudgment interest calculation included interest on disallowed office overhead expenses, it should omit that portion of the award on remand.

**CONCLUSION**

The trial court correctly determined that Antaramian is entitled to recover his attorneys' fees and costs for time spent litigating the amount of attorneys' fees. Similarly, the trial court was correct in its finding that Antaramian's fact witnesses are entitled to receive compensation for their assistance with case and discovery preparation, but we certify a question on this issue as previously detailed herein. However, because the trial court failed to itemize the cost award of $317,873.64,

thereby precluding effective appellate review, we must reverse that portion of the cost award and remand for further proceedings.  We likewise reverse the prejudgment interest award because the trial court erred in its method of calculation and because it is unclear if the interest award is based, in part, on disallowed office overhead expenses.  In all other respects, we affirm.

Affirmed in part; reversed in part; remanded for further proceedings; question certified.


WALLACE and SLEET, JJ., Concur.