DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICOLAOS MALLAS,**
Appellant,

v.

**GEORGE V. MALLAS, JOHN V. MALLAS,** and **HALADRA, INC.,**
Appellees.

No. 4D20-1496

[August 18, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE15-017471.

Mattie Hardin Tondreault, Benjamin W. Hardin, Jr., and Julie Landrigan Ball of Hardin & Ball, P.A., Lakeland, for appellant.

Steven H. Osber of Conrad & Scherer, LLP, Fort Lauderdale, for appellees.

KLINGENSMITH, J.

Appellant Nicolaos Mallas appeals the trial court's final judgment awarding George Mallas and Haladra, Inc. (collectively referred to as "appellees") attorney's fees and costs under section 772.11, Florida Statutes (2019), the civil theft statute, and as a sanction. For the reasons stated below, we reverse a portion of the lower court's final judgment awarding attorney's fees to the appellees for time spent litigating the amount of their fee award ("fees for fees") and affirm on all other issues raised without comment.

Appellant filed a seven-count amended complaint that included a claim for civil theft for appellees' alleged failure to pay him his proper share of distributions as a shareholder of Haladra. Appellant ultimately filed a voluntary dismissal of the case against all parties. After the dismissal, appellees filed motions for entitlement to attorney's fees and costs under section 772.11 and as a sanction against appellant for various discovery violations. At the conclusion of the hearing on entitlement to fees, the court ruled that appellees were entitled to fees under the civil theft statute

because appellant's civil theft claim had no "substantial fact or legal support"; the court also noted that appellees were entitled to their costs as well. The court found that all the counts in appellant's amended complaint were inextricably intertwined with the civil theft count set forth in that pleading and granted the motion for entitlement for "All Defendants . . . as prevailing part[ies] and as previously ordered sanctions."

After determining appellees were entitled to fees and costs, the court held an evidentiary hearing to determine the amount to be awarded. There, appellees argued that they were entitled to an award of fees for their time spent litigating the case on the merits, the entitlement to fees, and the amount of fees. In the end, the court awarded appellees $138,362.50 in attorney's fees, which included an award of fees for fees under section 772.11. Appellees were separately awarded $12,000.00 in costs for their fee expert and other associated costs. This award, which was detailed in an order, was later reduced to a final judgment. This appeal followed.

"Generally, a trial court's ruling on a motion for attorneys' fees is reviewed for abuse of discretion." *Kelly v. Bankunited, FSB*, 159 So. 3d 403, 405 (Fla. 4th DCA 2015). "However, to the extent that a trial court's order on fees is based on its interpretation of the law, the standard of review is de novo." *Hahamovitch v. Hahamovitch*, 133 So. 3d 1020, 1022 (Fla. 4th DCA 2014).

"There is a long-standing adherence in Florida law to the 'American Rule' that attorney fees may be awarded by a court only when authorized by statute or agreement of the parties." *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 614 (Fla. 1995) (Wells, J., concurring). When attorney's fees are authorized by a statute, that statute must be "strictly construed." *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013).

Section 772.11 states the following:

> The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs. This section does not limit any right to recover attorney's fees or costs provided under any other law.

§ 772.11, Fla. Stat. (2019).

In *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993), the Florida Supreme Court limited an attorney's right to receive fees for the time they spent litigating the amount of fees awarded. Although the Court solely considered whether an award of fees for fees was proper under section 627.428, some courts have interpreted *Palma* as categorically disapproving of fees for fees awards. *See N. Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. 3d DCA 2003) (stating that a litigant can never receive fees for fees); *see also Mediplex Constr. of Fla., Inc. v. Schaub*, 856 So. 2d 13, 14 (Fla. 4th DCA 2003) (explaining cases that have extended the reasoning in *Palma* to other statutes); *Oruga Corp., Inc. v. AT&T Wireless of Fla., Inc.*, 712 So. 2d 1141, 1145 (Fla. 3d DCA 1998) (citing *Palma* and declining to award fees for fees under section 57.105 and section 768.79); *Dep't of Transp., State of Fla. v. Robbins & Robbins, Inc.*, 700 So. 2d 782, 785 (Fla. 5th DCA 1997) (citing *Palma* and declining to award fees for fees under section 73.092).

However, this court has also distinguished *Palma* in holding that an award of fees for fees is permissible in certain contexts. *See Schneider v. Schneider*, 32 So. 3d 151, 158 (Fla. 4th DCA 2010). In *Schneider*, we held that an award of fees for fees was permissible under section 61.16 after analyzing the following language in the statute:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter.

*Id.* at 156 (quoting § 61.16(1), Fla. Stat. (2007)). We noted that the express language of this statute gave the trial court wide discretion to fashion an "award of reasonable and necessary fees." *Id.* at 158. This included the discretion to award fees for fees. *Id.*

This court has also held that an award of fees for fees is permissible in cases when a contract is broad enough to encompass such an award, *see Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC*, 88 So. 3d 386, 389 (Fla. 4th DCA 2012), and when the fees are awarded as a sanction under the "inequitable conduct doctrine," *see Bennett v. Berges*, 50 So. 3d 1154, 1161 (Fla. 4th DCA 2010); *Condren v. Bell*, 853 So. 2d 609, 610 (Fla. 4th DCA 2003).

Unlike *Waverly*, here the fee award was not based on a contract. And although the trial court also authorized fees as a sanction, the court's fee order does not contain the requisite factual findings to support a "fees for

3

fees" award under the inequitable conduct doctrine. *See Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002); *Hicks v. Hicks*, 284 So. 3d 576, 578 (Fla. 4th DCA 2019). Therefore, our review of appellees' entitlement to fees for fees is limited to the statute.

Appellees contend that section 772.11 authorizes an award of fees for fees because it states that it "does not limit any right to recover attorney's fees or costs *provided under any other law*." § 772.11, Fla. Stat. (2019) (emphasis added). However, the right to recover fees for fees is not "provided under any other law" that is applicable to this proceeding. *See id.* Nor does it appear that there are any Florida state or federal cases that have determined that an award of fees for fees is proper under section 772.11. The above-quoted language in section 772.11 is not as broad as the contractual language in *Waverly* and does not afford the court as much discretion as the statutory language in *Schnieder. See Waverly*, 88 So. 3d at 389 (the contractual provision that authorized fees for "any litigation" also authorized an award of fees for fees); *Schnieder*, 32 So. 3d at 158 (the discretionary language in section 61.16 authorized an award of fees for fees). Therefore, section 772.11 cannot support an award of fees for fees.

Appellees also contend that they may recover fees for fees as a sanction for appellant's discovery violations. However, a closer look at the wording of Florida Rule of Civil Procedure 1.380 shows otherwise. Under rule 1.380(a)(4), fees may be awarded against the party or deponent whose conduct necessitated the motion to compel or the party or counsel advising that conduct; those fees are limited to "*the reasonable expenses incurred in obtaining the order* that may include attorneys' fees." (Emphasis added); *see also* Fla. R. Civ. P. 1.380(b) (authorizing a similar fee award for failure to comply with a court order). Under rule 1.380(d), attorney's fees may also be awarded against a party that failed to attend a deposition, but only for "*the reasonable expenses caused by the failure*, which may include attorneys' fees, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis added). None of these provisions provide sufficient discretion to allow for the trial court to award attorney's fees for time spent litigating the amount of attorney's fees under rule 1.380.

Therefore, we agree with appellant that the trial court erred in awarding appellees their fees for fees pursuant to section 772.11. Any extension of that statute to provide for the award of those litigation fees should come from the legislature, and not this court. *See Mediplex Constr.*, 856 So. 2d at 15 ("[I]f section 57.105 should be broadened to include fees for time spent litigating the amount of attorney's fees, then the legislature, and not this court, should do so.").

We partially affirm the trial court's final judgment on attorney's fees and costs, remanding solely for the trial court to deny appellees' request for attorney's fees for time spent litigating the attorney's fees issue—striking that portion of the award—and recalculate the amount of the judgment in accordance with this opinion.

*Affirmed in part, reversed in part and remanded.*

FORST and ARTAU, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***