DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREG ISBELL** and
**SUGGS LAWN EQUIPMENT, LLC,**
a Florida limited liability company,
Appellants,

v.

**LONNIE BOHRER** and
**STUART LAWN & GARDEN, INC.,** a Florida corporation,
Appellees.

No. 4D2023-3114

[June 11, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Robert Makemson, Judge; L.T. Case No. 11-1232-CA.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, for appellants.

Stephanie L. Serafin and Rebecca Mercier Vargas of Kreusler-Walsh, Vargas & Serafin, P.A., West Palm Beach, and Tim B. Wright of Wright, Ponsoldt & Lozeau, Trial Attorneys, L.L.P., Stuart, for appellee Lonnie Bohrer.

LEVINE, J.

Greg Isbell and Suggs Lawn Equipment, LLC (hereinafter "Isbell"), appeal an order awarding Lonnie Bohrer $2,120,488.20 in attorney's fees and costs. The attorney's fees and costs were awarded since Bohrer prevailed on his claims for breach of contract, unpaid wages, and breach of the implied covenant of good faith and fair dealing against Isbell. Isbell raises several arguments on appeal relating to the *Quanstrom* factors, the multiplier awarded, lodestar fees, and the trial court's award of fees for fees. We affirm on all of the issues except the last issue, which we reverse. We find that Bohrer was not entitled to attorney's fees for time spent litigating the amount of attorney's fees.

Bohrer, a previous employee of Isbell, entered a noncompete agreement with Isbell. The noncompete agreement provided, in part, that Bohrer

would receive twelve months' compensation of an annual salary of $80,000. The noncompete agreement also provided that Bohrer was entitled to 25% of the net profit of Suggs if the company was sold.

Subsequently, Bohrer sued Isbell for breach of contract, unpaid wages, and breach of the implied covenant of good faith and fair dealing. Bohrer alleged that Isbell had failed to pay Bohrer's salary as required under the noncompete agreement, and that he was entitled to 25% of the profit of the sale of Suggs. Isbell filed a counterclaim against Bohrer for breach of contract, tortious interference, and defamation, as well as a claim for punitive damages.

The jury found in favor of Bohrer on all Bohrer's claims and Isbell's counterclaims. The jury awarded Bohrer damages of $393,461.52. Final judgment was entered in favor of Bohrer for $550,091.32, which included prejudgment interest on the jury award. The final judgment was affirmed on appeal. *See Isbell v. Bohrer*, 397 So. 3d 1112 (Fla. 4th DCA 2024).

Subsequently, Bohrer filed a motion to determine entitlement and amount of attorney's fees and costs. Bohrer alleged four bases for entitlement to attorney's fees: (1) the parties' noncompete agreement, (2) section 448.08, Florida Statutes (2022), (3) Florida Rule of Civil Procedure 1.380(c), and (4) section 768.79, Florida Statutes (2022). Bohrer sought attorney's fees, including the fees required to litigate for fees, a contingency risk multiplier of 2.0, and taxable costs. Isbell conceded that entitlement was established based on all four grounds.

At the fee hearing, both Bohrer's trial attorney and fee expert testified to various factors necessitating a contingency fee multiplier in this case, including the following: the relevant market required a contingency fee multiplier to obtain competent counsel, the attorney could not mitigate the risk of nonpayment, the time and labor involved, and the results obtained. Ultimately, the trial court awarded Bohrer a lodestar amount of $982,396. The trial court also found that a contingency fee multiplier of 2.0 was warranted under the facts of this case. Bohrer was awarded $2,120,488.20 in attorney's fees and costs plus interest. This appeal follows.

Isbell argues that the trial court abused its discretion in awarding "fees for fees," or attorney's fees for time spent litigating the amount of fees. Bohrer responds that the trial court properly interpreted the fee provision in the noncompete agreement as broad enough to include an award of fees for litigating the amount of fees.

Whether a contractual fee provision encompasses an award of fees for fees is reviewed de novo. *Waverly at Las Olas Condo. Ass'n v. Waverly Las Olas, LLC*, 88 So. 3d 386, 389 (Fla. 4th DCA 2012).

We find that the trial court did err by awarding Bohrer attorney's fees for time spent litigating the amount of attorney's fees. "The general rule in Florida is that attorney's fees may not be awarded for litigating the amount of the fees." *O'Boyle v. Town of Gulf Stream*, 341 So. 3d 335, 340 (Fla. 4th DCA 2022). Florida courts have "authorized awards of 'fees for fees' only in limited contexts, including . . . when a contract is broad enough to encompass such an award." *Id.*

The fee provision in the noncompete agreement in this case is as follows:

> Section 7. <u>Attorneys' Fees and Costs.</u> Should any litigation or legal proceeding be required by either party for the *enforcement of this Agreement*, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs which they incurred in the enforcement of this Agreement.

(emphasis added).

Bohrer argues that this case is like *Waverly*, 88 So. 3d at 389, where this court found no error in awarding fees for fees. The fee provision in *Waverly* "provided for an award of fees for '**any** litigation between the parties under this Agreement.'" *Id.* at 388. However, in *Nazarova v. Nayfeld*, 339 So. 3d 475, 477 (Fla. 3d DCA 2022), the Third District held that the relevant contractual fee provision was "simply not broad enough to encompass recovery of fees for litigating the amount of fees to be awarded." In *Nazarova*, the fee provision was as follows:

> Attorney's Fees. In any lawsuit brought **to enforce the Lease** or under applicable law, the party in whose favor a judgment or decree has been rendered may recover its reasonable court costs, including attorney's fees from the non-prevailing party.

*Id.*

Unlike *Waverly*, the fee provision in the instant case is not broad enough to encompass an award of fees for fees. The fee provision in the instant case does not include "any litigation," but rather is limited to the "enforcement of this Agreement." The provision is thus limited to fees incurred "for the enforcement of this Agreement." Like *Nazarova*, the

3

contract language is not expansive or wide enough to encompass an award of fees for fees. Thus, Bohrer is not entitled to attorney's fees for time spent litigating the amount of fees. This includes the time spent litigating the appropriateness of a fee multiplier. *Allstate Indem. Co. v. Hicks*, 880 So. 2d 772, 774 (Fla. 5th DCA 2004) ("[T]ime spent litigating the appropriateness of a fee multiplier goes to amount, and as a result, is not recoverable . . . .").

In sum, we find that the fee provision in the noncompete agreement was not broad enough to encompass an award of fees for fees. Thus, we reverse and remand with directions for the trial court to remove attorney's fees associated with litigating the amount of attorney's fees to be awarded. We affirm on all other issues raised.

*Affirmed in part; reversed and remanded in part with directions.*

FORST and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4