DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WENLEI MAO,**
Appellant,

v.

**ADAM SMITH** and **TAMARA SMITH,**
Appellees.

No. 4D2024-2426

[April 15, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kim Theresa Mollica, Judge; L.T. Case No. 062022SC004152AXXXNO.

Lane Weinbaum of Weinbaum P.A., Coral Springs, for appellant.

Adam Joshua Smith of BizTx Law, P.A., Parkland, for appellees.

CONNER, J.

The Landlord appeals the order assessing attorneys' fees and costs against her and in the Tenants' favor. The Landlord argues the trial court erred in six ways. We determine that five of Landlord's grounds for reversal lack merit. However, we agree with the Landlord that the trial court improperly awarded fees for legal services rendered to advocate the amount of fees to be awarded—commonly referred to as "fees for fees." Thus, we reverse the "fees for fees" award, and remand for the trial court to enter a revised attorneys' fees award in the Tenants' favor.

## *Background*

The Tenants, husband and wife, filed a pro se statement of claim against the Landlord in small claims court alleging eight causes of action. Shortly after suit was filed, an amended statement of claim was filed realleging the eight counts. The amended statement of claim included the husband's (an attorney) "Bar Number," which was typed below the husband's name and above his address in the statement of claim's signature block.

A six-day bench trial was conducted on the statement of claim. The Tenants represented themselves at trial. The trial court entered a final judgment in the Tenants' favor on two of the counts, in the Landlord's favor on four counts, and in both parties' favor on two counts.

After the final judgment was entered, both parties filed motions for attorney's fees and costs. The husband signed the Tenants' fees and costs motion. Subsequently, the Tenants hired a law firm to represent them on their fees and costs motion.

After a hearing, the trial court denied the Landlord's fees and costs motion.

On the Tenants' fees and costs motion, the trial court tentatively found that the Tenants were entitled to attorney's fees but wanted further case law to determine if a party who is a licensed attorney appearing pro se was entitled to fees. At a later entitlement hearing, the trial court found that the Tenant husband was entitled to attorney's fees and costs. Subsequently, the trial court conducted a hearing to determine the amount of fees and costs to award the Tenants.

Following two hearings to determine the amount of fees and costs to award the Tenants, the trial court entered an order awarding substantial attorneys' fees to the Tenants for the work performed by the husband, the Tenants' post-judgment's counsel, and the Tenants' expert fee witness. The trial court found that the lease's paragraph 26, and sections 83.48 and 83.49(3)(c), Florida Statutes (2022), were broad enough to support all attorneys' fees and costs, including "fees and costs incurred in trying the case to judgment and in litigating post-judgment motions, such as [the Tenants'] defense against [the Landlord's] claim for fees and costs, and [the Tenants'] entitlement to fees and costs and the amount of such fees and costs." The trial court found that the Tenants were the prevailing party in the action because the claim regarding the Landlord's improper handling and disposition of the security deposit, decided in the Tenants' favor, was the significant issue in the case. Additionally, the trial court found the case was severely over-litigated by both parties and the Landlord unreasonably delayed post-judgment proceedings on fees and costs.

After the trial court denied the Landlord's motion for rehearing, the Landlord gave notice of appeal.

2

### Appellate Analysis

The Landlord argues that the trial court's order awarding fees should be reversed because the lease language and the statutory provisions upon which the trial court relied are not broad enough to support an award of fees for fees. In response, the Tenants assert that the contractual and statutory provisions are broad enough to support fees for fees as the provisions authorize attorney's fees for any litigation between the parties under the lease or to enforce the statutory rights. Additionally, the Tenants argue the trial court properly awarded fees for fees because such fees are appropriate as a sanction for a party's bad faith conduct.

When an award of attorneys' fees is based on the interpretation of a statute or contract, the standard of review is de novo. *Carlin v. Javorek*, 42 So. 3d 820, 822 (Fla. 4th DCA 2010) (citation omitted). An award of attorneys' fees as a sanction is reviewed for abuse of discretion. *Kowallek v. Rehm*, 189 So. 3d 262, 264 (Fla. 4th DCA 2016) (citation omitted).

A claim for attorney's fees has three components: "(1) time spent litigating the case on the merits; (2) time spent litigating entitlement to attorney's fees; and (3) time spent litigating the amount of attorney's fees." *O'Boyle v. Town of Gulf Stream*, 341 So. 3d 335, 338 (Fla. 4th DCA 2022) (citing *Mallas v. Mallas*, 326 So. 3d 704, 705 (Fla. 4th DCA 2021)). Attorney's fees for litigating the proper amount of fees are referred to as "fees for fees." *Id.* at 338-39 (citing *Mallas*, 326 So. 3d at 705). "The general rule in Florida is that attorney's fees may not be awarded for litigating the amount of fees." *Id.* at 340; *see also State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833-34 (Fla. 1993) (limiting an attorney's fees award to time spent litigating the entitlement to but not the amount of fees incurred).

A party can recover fees for fees in three circumstances: (1) if authorized by the statute awarding fees, *Michelis v. Nugent*, 412 So. 3d 786, 790 (Fla. 4th DCA 2025); (2) where a contract is broad enough to encompass the award, *Isbell v. Bohrer*, 414 So. 3d 204, 205-06 (Fla. 4th DCA 2025); or (3) where the award of attorney's fees is a sanction, *Bennett v. Berges*, 50 So. 3d 1154, 1161 (Fla. 4th DCA 2010).

The Tenants argue that the contractual language of the lease provision authorizing attorneys' fees, and the language of the statutory provisions incorporated into the contract—sections 83.48 and 83.49(3)(c), Florida Statutes (2020)—are broad enough to encompass an award of fees for fees. The Tenants rely upon *Waverly at Las Olas Condo. Ass'n v. Waverly Las Olas, LLC*, 88 So. 3d 386, 388 (Fla. 4th DCA 2012), where we determined

3

that the contractual fee provision "provid[ing] for an award of fees for '**any** litigation between the parties under this Agreement'" was broad enough to support fees for fees. (second emphasis added). The trial court also relied on *Waverly* in determining that the Tenants' attorneys were entitled to fees for fees based on the contract and cited statutes.

The lease's paragraph 26 provides that "[i]n any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a judgment or decree has been rendered may recover reasonable court costs, including attorneys' fees, from the non-prevailing party." (emphasis added). Section 83.48 provides for entitlement to fees "in any civil action brought to enforce the provisions of the rental agreement[.]" § 83.48, Fla. Stat. (2022) (emphasis added). Finally, section 83.49(3)(c) states that "[i]f either party institutes an action in a court of competent jurisdiction to adjudicate the party's right to the security deposit, the prevailing party is entitled to receive . . . a reasonable fee for his or her attorney." § 83.49(3)(c), Fla. Stat. (2022) (emphasis added).

In *Isbell*, we held that the contractual fee provision in the noncompete agreement was not sufficiently broad enough to support fees for fees. *Isbell*, 414 So. 3d at 206. The fees provision in *Isbell* stated, "[s]hould any litigation or legal proceeding be required by either party for the *enforcement of this Agreement*, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs which they incurred in the enforcement of this Agreement." *Id.* We found that fees provision was not broad enough to support fees for fees because the provision did not include "any litigation" (with no modifiers) as the *Waverly* fee provision did, but rather limited fees to the "enforcement of this Agreement." *Id.*

Similarly, here, the lease's paragraph 26 and section 83.48 limit fees to enforcement of the agreement and statutes incorporated into the agreement. Therefore, like in *Isbell*, those provisions are "not expansive or wide enough to encompass an award of fees for fees." *Isbell*, 414 So. 3d at 206. Unlike in *Waverly*, the contractual provision here does not provide fees for "any litigation between the parties." *See Waverly*, 88 So. 3d at 388. Likewise, section 83.49(3)(c) is not broad enough to support fees for fees because section 83.49(3)(c) limits fees to the adjudication of "the party's right to the security deposit." Thus, we conclude that the lease's paragraph 26 and sections 83.48 and 83.49(3)(c), are not broad enough to authorize fees for fees.

Regarding an award of fees for fees as a sanction, the answer brief does little to develop and support the argument. The order awarding fees contains a clear statement by the trial court that both sides over-litigated

this case, and the amount of fees incurred was incredibly disproportionate to the damages amount sought. The order contains a finding that the Landlord unreasonably delayed the fees and costs proceeding; however, after our review of the order and the record, we conclude the trial court did not implicitly award fees for fees as a sanction. Instead, as stated above, the trial court explicitly awarded fees for fees after determining that paragraph 26 of the lease and sections 83.48 and 83.49(3)(c), Florida Statutes, were broad enough to support fees for fees. Thus, we find no merit in the Tenants' argument that fees for fees were awarded as a sanction.

## *Conclusion*

Because (1) the contractual and statutory language relied upon by the Tenants is not broad enough to support entitlement to fees for fees; and (2) fees for fees were not awarded as a sanction, we reverse the award of fees in this case and remand for the trial court to enter an order without an award for fees for litigating the amount of fees.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and LOTT, JJ., concur.

\*        \*        \*

**Not final until disposition of timely-filed motion for rehearing.**