PER CURIAM.
The parties to this litigation have been in court often since their divorce in 1974. On July 16, 1982, the trial court entered a final judgment in favor of the wife’s attorneys, Miller and Schwartz, P.A., and against the husband for attorneys’ fees in the amount of $17,051.30. After these fees were satisfied by the wife, Miller and Schwartz, P.A., assigned the judgment to the wife on February 14, 1983, and she undertook collection efforts against her former husband. She moved for attorneys’ fees for post-judgment collection efforts and the husband filed a motion to strike her motion for fees. After a hearing on the matter, the trial court entered an order granting the husband’s motion to strike. The wife appeals contending that the lower court erred in striking her motion. We reverse.
Initially, we hold that a trial court can award attorneys’ fees for the collection of attorneys’ fees pursuant to Section 61.-16, Florida Statutes (1981). That statute reads as follows:
61.16 Attorney’s fees, suit money, and costs. — The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, .suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney; who may enforce the order in his’ name.’
We determine that post-judgment collection fees and costs are recoverable as incidents of “maintaining or' defending any prócéed-ing” under Chapter 61.
In this case, the finál judgment was in the name of the attorneys’ rather than in the name of the wife and counsel. We have before us only the judgment for attorneys’ fees, which was issued .pursuant to-an affidavit of non-payment filed by the wife’s attorneys. We have no knowledge of whether the original order granting the’ wife attorneys’ fees was in the wife’s name or the attorneys’ name or both. ’ The husband argues that a judgment for fees in favor of a law firm and not the wife should be excluded from coverage of Chapter 61. According to the husband, the law firm is simply a creditor which assigned its rights under the judgment to the wife. Thus, anyone could seek attorneys’ fees under Chapter 61 for collecting a judgment merely by purchasing the judgment from a law firm.
The husband’s contention is meritorious to the extent that a stranger to the proceedings should not be allowed to receive an assignment of the judgment and-then receive attorneys’ fees for collecting that judgment. That is not the situation here, however. The wife, as assignee, is not a stranger to the proceedings. Ultimately, the award of attorneys’ fees was for her benefit. To hold to the contrary would elevate form over substance. We see no reason why the wife should not have the protection of Chapter 61 in this proceeding in the enforcement of the fee award which was initially entered for her benefit.
REVERSED AND REMANDED WITH' DIRECTIONS TO DETERMINE THE AMOUNT OF ATTORNEYS’ FEES.
LETTS, BERANEK and HERSEY, JJ„ concur.