689 So.2d 1164 (1997)
Dickie E. MURPHY and Marsha Murphy, Appellants,
v.
Judy D. TUCKER, Appellee.
No. 96-02359.
District Court of Appeal of Florida, Second District.
March 5, 1997.
Thomas C. Saunders of Frost, O'Toole & Saunders, P.A., Bartow, for Appellants.
Karl F. Pansler of Pansler & Moody, P.A., Bartow, for Appellee.
DAKAN, STEPHEN L., Associate Judge.
The Murphys, against whom the final judgment was entered in this case, have appealed that judgment and the lower court's award of attorney's fees to Judy Tucker. We hold that the trial court did not err in applying the provisions of section 95.11(3), Florida Statutes (1995), to the facts of the case. See Mason v. Yarmus, 483 So.2d 832 (Fla. 2d DCA 1986). Accordingly, we affirm the final judgment in favor of Ms. Tucker.
We hold, however, that the trial court erred in entering its order granting Ms. Tucker's motion for attorney's fees and costs, based on her offer of judgment. The offer of judgment was purportedly made pursuant to section 44.102, Florida Statutes (1995). The offer did not reference section 768.79, Florida Statutes (1995). In Knealing v. Puleo, 675 So.2d 593 (Fla.1996), the Florida Supreme Court declared section 44.102 unconstitutional. In doing so, it noted that section 44.102 did not provide a substantive basis for an *1165 award of fees; it merely attempted to change the time periods for offers served after mediation. 675 So.2d at 596. Moreover, the language of the statute itself contemplates that the offer or demand for judgment would be made under section 768.79.[1] Ms. Tucker's only substantive basis for recovering attorney's fees would, therefore, have been pursuant to section 768.79.
Section 768.79 requires that an offer be in writing and "state that it is being made pursuant to this section." § 768.79(2)(a), Fla. Stat. (1995) (emphasis supplied). Ms. Tucker's offer does not contain this statement. Statutes authorizing attorney's fees must be strictly construed, and this court has no basis to conclude another construction is warranted here. See Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993) (because offer did not reference section 768.79, offeror had not made a valid offer under that section); Wright v. Caruana, 640 So.2d 197 (Fla. 3d DCA 1994) (offeror who intends to rely on a statute must reference the statute in the offer).
We affirm the final judgment entered in this case. We reverse that part of the order granting the motion for attorney's fees and costs that awards attorney's fees to Ms. Tucker. We affirm the portion of that order that awards costs.
Affirmed in part, reversed in part.
FULMER, A.C.J., and WHATLEY, J., concur.
NOTES
[1] "When an action is referred to mediation by court order, the time periods for responding to an offer of settlement pursuant to s. 45.061, or an offer or demand for judgment pursuant to s. 768.79, respectively, shall be tolled ...." § 44.102(6)(a), Fla. Stat. (1995) (emphasis supplied).