# Third District Court of Appeal
## State of Florida

Opinion filed February 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1250
Lower Tribunal No. 20-9950-FC-04
_____

**Christina Fano Schultheis,**
Appellant/Cross-Appellee,

vs.

**Milan Schultheis,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Perez-Abreu & Martin-Lavielle, P. A., and Ana-Maria Mejer and Javier Perez-Abreu, for appellant/cross-appellee.

Easley Appellate Practice, PLLC, and Dorothy F. Easley; Richard A. Schurr, P.A., and Richard A. Schurr, for appellee/cross-appellant.

Before EMAS, GORDO and LOBREE, JJ.

GORDO, J.

We deny the parties' motions for rehearing, rehearing en banc or certification but withdraw our previous opinion and substitute the following opinion in its stead.

Christina Fano Schultheis ("Former Wife") appeals an initial attorney's fees order, which awarded her attorney's fees she incurred in seeking enforcement of the marital settlement agreement entered into by the parties following their dissolution of marriage. Milan Schultheis ("Former Husband") cross-appeals this order. Finding no abuse of discretion in the trial court's award of the initial attorney's fees order, we affirm that order without further discussion.[1]

The Former Husband also challenges a subsequent attorney's fees order, which awarded the Former Wife attorney's fees incurred by her non-party attorney in establishing the amount of fees he is claiming.[2] We reverse the subsequent attorney's fees order awarding amounts incurred by the

---

[1] While the Former Husband asserts the trial court abused its discretion by denying his ore tenus request to hear new financial information, we find no abuse of discretion where he did not file a motion prior to the hearing, submit amended financial affidavits, or comply with his continuing duty to supplement financial disclosures prior to the hearing pursuant to Rule 12.285, Florida Family Law Rules of Procedure.

[2] Known as, "fees for fees."

attorney in establishing his own fees, finding such an award is not supported by the plain language and underlying purpose of section 61.16(1), Florida Statutes.[3]

## I.

"Where entitlement to attorney's fees depends upon the interpretation of a statute . . . the standard of review is de novo." Spano v. Bruce, 62 So. 3d 2, 6 (Fla. 3d DCA 2011).

## II.

On cross-appeal, the Former Husband challenges the trial court's award of attorney's fees for time spent litigating the amount of fees pursuant to section 61.16(1), Florida Statutes.

As a basic proposition, "under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." Price v. Tyler, 890 So. 2d 246, 250 (Fla. 2004) (quoting Pepper's Steel & Alloys, Inc. v. U.S., 850 So. 2d 462, 465 (Fla. 2003)). "This Court has followed the 'American Rule' that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties." State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 832 (Fla. 1993). "Because statutes providing for attorney's fees are in abrogation of the common law,

---

[3] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A).

3

such statutes are to be strictly construed." Daniels v. Florida Dep't of Health, 898 So. 2d 61, 65 (Fla. 2005). "Similarly, contractual provisions concerning attorney's fees must also be strictly construed." Air Turbine Tech., Inc. v. Quarles & Brady, LLC, 165 So. 3d 816, 821 (Fla. 4th DCA 2015) (internal quotation marks and citation omitted).

Historically, attorney's fees and costs have been treated differently. "In American jurisprudence, there is a well-settled distinction between 'costs' (expenses) and 'attorneys' fees' (compensation for services rendered)." Dade Cnty. v. Strauss, 246 So. 2d 137, 141 (Fla. 3d DCA 1971). "The one is an allowance to a party of expenses incurred in the successful transaction or defense of a suit." Id. "The other is compensation to an officer for services rendered in the progress of the cause." Id. Absent a contract or statute, "costs" do not include attorney's fees. See Attorney's Title Ins. Fund, Inc. v. Landa–Posada, 984 So. 2d 641, 643 (Fla. 3d DCA 2008) ("Costs recovered by a litigant do not include attorney's fees."); Price, 890 So. 2d at 252 ("'[C]osts' are not generally understood as including attorneys' fees."); Wiggins v. Wiggins, 446 So. 2d 1078, 1079 (Fla. 1984) ("[T]he term 'costs' is not generally understood as including attorney's fees."); Com. Serv. of Perry, Inc. v. Campbell, 861 So. 2d 1258, 1260 (Fla. 4th DCA 2003) ("The term 'costs' is not generally construed to include attorney's fees absent an

4

express contractual provision that defines expenses to include fees except when a *statute or contractual agreement* defines costs to include attorney's fees."); Air Turbine, 165 So. 3d at 821 ("Under Florida law, the term 'costs' is not generally construed to include attorney's fees absent an express contractual provision that defines expenses to include fees.") (internal quotation marks and citation omitted); Zosman v. Schiffer/Taxis, Inc., 697 So. 2d 1018, 1019 (Fla. 3d DCA 1997) ("The Supreme Court has observed that the term 'costs' is not generally understood as including attorney's fees.").

## A.

In Florida, attorney's fees for the time an attorney spends litigating the amount of his or her own fees are almost never recoverable.[4] This principle was established in the landmark case of State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 834 (Fla. 1993), wherein the Florida Supreme Court

---

[4] We recognize that under certain limited circumstances, Florida courts have determined they are not bound by Palma and have permitted fees for fees. See, e.g., Condren v. Bell, 853 So. 2d 609, 610 (Fla. 4th DCA 2003) (permitting fees for fees because the award of attorney's fees was a sanction); Citibank Fed. Sav. Bank v. Sandel, 766 So. 2d 302, 303 (Fla. 4th DCA 2000) (permitting fees for fees because federal law, not Florida law, controlled the award of attorney's fees); Diaz v. SantaFe Healthcare, Inc., 642 So. 2d 765, 766 (Fla. 1st DCA 1994) (permitting fees for fees in claim for lost wages filed pursuant to section 448.08, Florida Statutes, based on language of the statute).

5

held that attorney's fees incurred in determining *entitlement* to fees are properly recoverable, but fees incurred in litigating the *amount* of fees are not recoverable. In Palma, the Court analyzed both the language of the statute under which attorney's fees were sought and the underlying purpose of the statute. See Palma, 629 So. 2d at 833 ("Our conclusion that statutory fees may be awarded for litigating the issue of entitlement to attorney's fees but not the amount of attorney's fees comports with the purpose of section 627.428 and with the plain language of the statute.").

The statute at issue in Palma, section 627.428, Florida Statutes, allowed a prevailing insured to recover a "reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which recovery is had." Palma, 629 So. 2d at 832. The statute implemented a policy of discouraging the contesting of valid claims against insurance companies by reimbursing insureds who successfully brought suit to enforce their insurance contracts. Id. at 833. The Palma court reasoned that an attorney's time spent in establishing entitlement to attorney's fees under the statute were services "rendered in procuring full payment of the judgment" permitted by the statute, so that the insured "ha[d] an interest in the fee recovered." Id. In contrast, the court reasoned that work performed by an attorney concerning the amount of the fee "inures solely to the attorney's

6

benefit and cannot be considered services rendered in procuring full payment of the judgment." Id. Thus, the court held such fees were not compensable under the statute.

Since Palma, this Court has disallowed awards of fees for fees. See N. Dade Church of God, Inc. v. JM Statewide, Inc., 851 So. 2d 194, 196 (Fla. 3d DCA 2003) ("It appears that a certain amount of the attorney's fee award included time spent litigating the amount of attorney's fees that the lender and assignee were claiming. It is settled that in litigating over attorney's fees, a litigant may claim fees where entitlement is the issue, but may not claim attorney's fees incurred in litigating the amount of attorney's fees."); Oruga Corp., Inc. v. AT&T Wireless of Fla., Inc., 712 So. 2d 1141, 1145 (Fla. 3d DCA 1998) (citing to Palma and declining to construe section 768.79 as permitting an award of attorney's fees for time spent litigating the amount of fees); Eisman v. Ross, 664 So. 2d 1128, 1129 (Fla. 3d DCA 1995) (citing to Palma and declining to construe section 57.105(1) as permitting an award of attorney's fees for time spent litigating the amount of fees).

**B.**

We find Palma's analysis applicable when looking at the text of section 61.16(1). To determine whether an award of fees for litigating the amount of fees incurred by the non-party attorney falls within the scope of section

7

61.16(1), we first look to the plain language of the statute.  See Fortune v. Gulf Coast Tree Care Inc., 148 So. 3d 827, 828 (Fla. 1st DCA 2014) ("In construing a statute, courts must first look to its plain language.").  "[O]ur task is to give effect to the words that the legislature has employed in the statutory text."  Lab'y Corp. of Am. v. Davis, 339 So. 3d 318, 323 (Fla. 2022).  "The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means."  Id. (quoting Ham v. Portfolio Recovery Assocs., LLC, 308 So. 3d 942, 946 (Fla. 2020)).  Our objective "is to arrive at a 'fair reading' of the text by 'determining the application of the text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued.'"  Id. at 323-24 (quoting Ham, 308 So. 3d at 947).

"A basic tenet of statutory interpretation is that a 'statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts.'"  Jones v. ETS of New Orleans, Inc., 793 So. 2d 912, 914-15 (Fla. 2001) (quoting Acosta v. Richter, 671 So. 2d 149, 153-54 (Fla. 1996)).  Thus, "the plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."  Conage v. U.S., 346 So. 3d 594, 598 (Fla. 2022) (quoting Robinson v. Shell

8

Oil Co., 519 U.S. 337, 341 (1997)).

Section 61.16(1) provides in pertinent part:

**61.16. Attorney's fees, suit money, and costs**

(1) **The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.** In those cases in which an action is brought for enforcement and the court finds that the noncompliant party is without justification in the refusal to follow a court order, the court may not award attorney's fees, suit money, and costs to the noncompliant party. An application for attorney's fees, suit money, or costs, whether temporary or otherwise, shall not require corroborating expert testimony in order to support an award under this chapter. The trial court shall have continuing jurisdiction to make temporary attorney's fees and costs awards reasonably necessary to prosecute or defend an appeal on the same basis and criteria as though the matter were pending before it at the trial level. In all cases, the court may order that the amount be paid directly to the attorney, who may enforce the order in that attorney's name. In determining whether to make attorney's fees and costs awards at the appellate level, the court shall primarily consider the relative financial resources of the parties, unless an appellate party's cause is deemed to be frivolous.

§ 61.16(1), Fla. Stat. (emphasis added).

The plain language of section 61.16(1) provides that, in a dissolution

9

of marriage or post-dissolution of marriage proceeding, the court may, after considering the financial resources of both parties, enter an award of attorney's fees, suit money and costs. Specifically, it provides for the awarding of "attorney's fees, suit money, and the cost to the other party of **maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals**." § 61.16(1), Fla. Stat. (emphasis added). Nowhere in the text does the statute provide for an award of fees incurred by the non-party attorney.

The dissent contends that the statute has "expansive language," which grants the trial court the discretion to award fees for "any proceeding," including an award of fees incurred at a post-judgment proceeding to determine the amount of the fees to be awarded. Dissent at *2, 9. We disagree.

It is well settled that attorney's fees statutes are in derogation of common law and must be strictly construed. See Daniels, 898 So. 2d at 65. In strictly construing section 61.16(1), we emphasize that the phrase "maintaining or defending any proceeding" directly modifies the phrase "under this chapter." Thus, "maintaining or defending any proceeding under this chapter" defines the scope of section 61.16(1), which grants courts the authority to award attorney's fees only under such circumstances.

Chapter 61 governs dissolution of marriage, support and timesharing. It follows that under section 61.16(1), attorney's fees may be recovered for maintaining or defending any proceeding related to dissolution of marriage, alimony, child support, equitable distribution and timesharing matters, including post-judgment modifications, enforcement actions and fee entitlement hearings. Attorney's fees, however, may not be recovered for fee hearings to determine the amount of the fees to be awarded to the non-party attorney. Such a proceeding is beyond the scope of section 61.16(1) in that it is not a proceeding under chapter 61, which covers marriage, dissolution and other family law matters. Unlike the dissent's contention, "any proceeding" does not expand the statute's reach to attorney's fees incurred for the attorney's time spent litigating the amount of his or her own fees. Indeed, the work performed by a non-party attorney concerning the amount of the fee "inures solely to the attorney's benefit" and cannot be considered services rendered in maintaining or defending any proceeding under chapter 61. Palma, 629 So. 2d at 833.

When strictly construing this statute, we are not authorized to infer that "any proceeding under this chapter" encompasses fees for fees. § 61.16(1), Fla. Stat. We read the statute as written and give effect to the clear meaning, purpose and scope provided by the Legislature. See Hess v. Walton, 898

11

So. 2d 1046, 1049 (Fla. 2d DCA 2005) ("It is the long-standing precedent of this Court that statutes and rules authorizing attorney fees or imposing penalties are to be strictly construed as written and not extended by implication. (quoting Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 224 (Fla. 2003))); Murphy v. Tucker, 689 So. 2d 1164, 1165 (Fla. 2d DCA 1997) ("Statutes authorizing attorney's fees must be strictly construed, and this court has no basis to conclude another construction is warranted here.").

By the plain language of section 61.16(1), the legislature authorized the awarding of "attorney's fees, suit money, and the cost[5] to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings" in its negotiated fee-shifting schedule.[6] § 61.16(1), Fla. Stat. (footnote added). If the legislature wanted to allow fees for fees in this context, it would have said so. See Va. Uranium,

---

[5] If "costs" are not historically construed to include attorney's fees, they certainly do not include fees for fees.

[6] The fee-shifting schedule set forth in the statute and in Rosen v. Rosen, 696 So. 2d 697 (Fla. 1997) is sufficient to protect the interests of the impecunious spouse in post-judgment proceedings. This scheme ensures access to the courts without encouraging abuse. The difficulty with the dissent's view is that it overlooks the risk posed when the impecunious spouse, motivated by anger or a desire for retribution, seeks to weaponize litigation. Allowing fees for fees carries the danger of enabling such a spouse to financially punish the other through extended fee litigation, rather than to resolve disputes fairly. We see this as an issue fitting squarely within the Legislature's policy making role.

12

Inc. v. Warren, 587 U.S. 761, 765 (2019) ("In this, as in any field of statutory interpretation, it is our duty to respect not only what [the legislature] wrote but, as importantly, what it didn't write."); Rollins v. Pizzarelli, 761 So. 2d 294, 298 (Fla. 2000) (stating that the legislature "knows how to express itself"); Pinares v. United Techs. Corp., 973 F.3d 1254, 1262 (11th Cir. 2020) ("Where [the legislature] knows how to say something but chooses not to, its silence is controlling." (quoting Animal Legal Def. Fund v. U.S. Dep't of Agric., 789 F.3d 1206, 1217 (11th Cir. 2015))).

## C.

We next address whether authorizing a trial court to award attorney's fees incurred for the attorney's time spent litigating the amount of his or her own fees comports with the underlying purpose of section 61.16(1).

It is well settled that a statute's purpose "is to be gathered only from the text itself, consistently with the other aspects of context." Mercury Indem. Co. of Am. v. Cent. Fla. Med. & Chiropractic Ctr., Inc., 380 So. 3d 477, 481 (Fla. 5th DCA 2023) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 33 (2012)). When read in proper context, we see nothing in the text of section 61.16(1) that suggests we should deviate from the general rule that fees for fees may not be recovered.

The expressly stated purposes of chapter 61, as laid out by the

13

legislature in section 61.001, are **"[t]o preserve the integrity of marriage and to safeguard meaningful family relationships"** and **"[t]o promote the amicable settlement of disputes that arise between parties to a marriage"** and **"[t]o mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage."** § 61.001(2), Fla. Stat. (emphasis added). Authorizing a trial court to award additional fees to non-party attorneys for litigating their own amount of fees does not comport with the stated purposes behind the enactment of chapter 61. To allow such an award could invite a cycle of endless fee disputes when there is no incentive to settle where the process itself insures continued compensation. This outcome would serve the interests of counsel, not clients, and stands in stark contrast to the chapter's purpose—to reduce conflict, preserve family stability and protect litigants and their children from protracted and harmful litigation.

Neither does it comport with the underlying purpose of section 61.16(1), which is to "ensure that both parties possess a similar ability to retain competent legal counsel." Wight v. Wight, 880 So. 2d 692, 695 (Fla. 2d DCA 2004) (quoting Lopez v. Lopez, 780 So. 2d 164, 166 (Fla. 2d DCA 2001)). If section 61.16(1)'s primary aim is to "level the playing field" between financially unequal parties, it cannot be to promote the

14

representation of the poor.[7]  And it certainly is not to create incentives for prolonged fee disputes between attorneys.

Fees for fees litigation rewards aggressive billing from non-party attorneys, which drives up costs and diverts attention from the merits of the case.  In other words, the work performed by a non-party attorney concerning the amount of the fee "inures solely to the attorney's benefit" and cannot be considered services rendered in maintaining or defending any proceeding under chapter 61.[8]  Palma, 629 So. 2d at 833.

Fees for fees litigation not only violates the purpose of section 61.16(1), but it also flies in the face of the stated purposes of chapter 61, which are "to safeguard meaningful family relationships" and "[t]o mitigate the potential harm to the spouses and their children."[9]  § 61.001(2), Fla. Stat.  "The rule limiting fees for fees has the advantage of encouraging parties to litigate fees in an efficient manner."  Wight, 880 So. 2d at 695.  "If litigants

---

[7]  As stated in Wight, "[f]ollowing the Palma court's analysis, if a statute's intent is to promote the representation of the poor, attorneys would be permitted to recoup fees for litigating the amount of fees."  Wight, 880 So. 2d at 694.  However, "there is no indication of legislative intent in this statute to encourage lawyers to represent indigent clients."  Id. at 695.

[8]  See § 61.001, Fla. Stat.

[9]  The dissent's reasoning invites us to "level the playing field" between a party to the case and the nonparty attorney who alone benefits from fees for fees, a result we reject as inconsistent with the purpose of the statute.  See § 61.001(2), Fla. Stat.

15

are able to obtain fees for litigating the amount of fees, then the party who expects to win lacks an incentive not to excessively litigate the issue." Id. Although we understand that this chapter is to be construed liberally, we should not alter its purpose to one which is in direct conflict with its expressly stated purpose.[10]

"While there certainly are valid reasons why fees should be awarded for litigating the amount of fees, it is the role of the legislature, rather than the courts, to broaden [section 61.16]." Wight, 880 So. 2d at 695. If the legislature wants to make a policy decision to allow the awarding of fees for fees in what is widely known as the most litigious and highly acrimonious area of the law, it is the proper party to do so. See Palma, 629 So. 2d at 833 (holding that the court could not expand the scope of the plain language of a statute awarding attorney's fees, as "the Legislature, rather than [the] Court" would be "the proper party to do so"); Frohman Gear Co. v. Fellows, 149 So. 2d 557, 560 (Fla. 1963) ("The wisdom and policy of legislative acts is a matter for the legislature to determine."); O.M. v. Dep't of Child. & Fams., 404 So. 3d 547, 552 (Fla. 3d DCA 2025) ("[I]t is within the Legislature's province to set policy. It has often been said that 'when the language of an

_____

[10]    The dissent's interpretation might as well earn section 61.16(1) the moniker "Family Lawyer Continued Employment Act."

act is clear and unambiguous it is not within the province of the court to sit in judgment upon the wisdom of the legislative policy embodied in it nor to assume that the legislature meant something which does not appear upon the face of the statute.'" (quoting Platt v. Lanier, 127 So. 2d 912, 913 (Fla. 2d DCA 1961))); Buechel v. Shim, 340 So. 3d 507, 511 (Fla. 5th DCA 2021) ("Any public policy considerations raised by [a statute] are for the legislative branch, not a court."); Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co., 185 So. 3d 638, 643 (Fla. 2d DCA 2016) ("[P]olicy considerations are for the legislature to decide, not our court."); see also Wright v. City of Miami Gardens, 200 So. 3d 765, 774 (Fla. 2016) ("[A]s a coequal branch of government with the utmost respect for the separation of powers, we can neither legislate nor question the wisdom of the Legislature."); State v. Barquet, 262 So. 2d 431, 433 (Fla. 1972) ("Governmental powers are divided into the executive, legislative and judicial branches.  The lawmaking function is the chief legislative power.  This function involves the exercise of discretion as to the contents of a statute, its policy or what it shall be.  The judicial branch is constitutionally forbidden from exercising any powers appertaining to the legislative branch[.]"); United Pub. Workers of Am. (C.I.O.) v. Mitchell, 330 U.S. 75, 90 (1947) ("The Constitution allots the nation's judicial power to the [] courts.  Unless these courts respect the limits of that unique authority,

17

they intrude upon powers vested in the legislative or executive branches.").

We recognize that section 61.16(1) sets out a salutary scheme in dissolution and post-dissolution proceedings,[11] which are inherently intertwined in law and equity. We disagree with the dissent that the best way to discern the purpose of the statute is to broaden the language of the statute beyond its plain text or frustrate chapter 61's expressly stated purpose of mitigating harm to spouses and their children caused by the process of dissolution of marriage. See Scalia & Garner, Reading Law at 34 ("[I]n a fair reading, purpose—as a constituent of meaning—is to be derived exclusively from a text."); Mercury Indem. Co. of Am., 380 So. 3d at 482 ("When a court interprets statutory text based on what 'makes sense' to the court, rather than what the text demands, the court creates a new statute.").

Accordingly, we conclude that an award of attorney's fees incurred in litigating the amount of fees claimed by the non-party attorney is not supported by the plain language of section 61.16(1). Such an award is also inconsistent with the legislative intent underlying both section 61.16(1) and

---

[11] We agree with the dissent that section 61.16(1) is not a "prevailing party" fee statute. See Widder v. Widder, 673 So. 2d 954, 955 (Fla. 4th DCA 1996) ("[A] prevailing party standard does not govern in determining whether a party in dissolution or post-dissolution proceedings is entitled to attorney's fees. Rather, it is the relative financial circumstances of the parties that controls.").

18

chapter 61 as a whole, which is to preserve family integrity, promote amicable resolution of disputes and minimize the detrimental effects of litigation on the parties and their children.

### III.

Based on the plain language and purpose of section 61.16(1), we find the Former Wife was entitled to an award of fees, but not fees expended to litigate the amount of fees due to the non-party attorney. Accordingly, we reverse on this issue and remand for the trial court to recalculate the award, eliminating those fees incurred for time spent litigating the amount of attorney's fees. In doing so, we also certify conflict with the Fourth District's decision in Schneider v. Schneider, 32 So. 3d 151 (Fla. 4th DCA 2010).

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.

LOBREE, J., concurs.

EMAS, J., concurring in part and dissenting in part.

I.      **Introduction**

I concur in that portion of the majority opinion affirming the appeal and cross-appeal of the trial court's Initial Attorney's Fees Order.

However, I respectfully dissent from the majority opinion's reversal of the Subsequent Attorney's Fee Order, which awarded the Former Wife "fees for fees."  The discrete issue presented is whether section 61.16(1), Florida Statutes (2023), permits a trial court, in the exercise of its discretion, to award "fees for fees"—that is, attorney's fees incurred in establishing the amount of attorney's fees to be awarded.

The majority opinion holds that, as a matter of law, the answer to that question is "no," concluding that "such an award is not supported by the plain language and underlying purpose of section 61.16(1), Florida Statutes." See Maj. Op. at *3.  While it's true that the statute does not expressly provide for "an award of fees for fees," this is not the end of the analysis.  In determining whether a statute authorizes an award of fees for fees, the Florida Supreme Court's decision in State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830 (Fla. 1993), and its progeny, require a contextual analysis of the language of

the statute as well as the underlying purpose of the statute. Palma, 629 So. 2d at 833 (addressing the issue in the context of section 627.428, Florida Statutes (1983) and holding: "Our conclusion that statutory fees may be awarded for litigating the issue of entitlement to attorney's fees but not the amount of attorney's fees **comports with the purpose of section 627.428 and with the plain language of the statute.**") (emphasis added); Oquendo v. Citizens Prop. Ins. Corp., 998 So. 2d 636, 638 (Fla. 3d DCA 2008) ("Palma is based both on (a) statutory interpretation, and (b) the proposition that litigating the amount of fees inures solely to the attorney's benefit.").

The expansive language of section 61.16(1)—which authorizes the trial court, after consideration of certain relevant factors, to order one party to pay the other party a reasonable amount of attorney's fees for "maintaining or defending ***any proceeding*** under this chapter"—meets the requirements of Palma and grants trial courts the discretion to award attorney's fees for services incurred for litigating the amount of fees to be awarded to a party. I therefore dissent from this portion of the majority opinion, and write to explain my reasoning.

In this case, the majority opinion concludes that "[n]owhere in the text does the statute provide for an award of fees incurred by the non-party

21

attorney."[12] Maj. Op. at *10. Yet that is not the dispositive issue. Rather, the dispositive issue (and the rest of the analysis) requires us to determine (1) whether the language of section 61.16(1), read in proper context, is broad enough to encompass an award of fees for fees; and, if so, (2) whether authorizing a trial court to award fees for fees comports with the underlying purpose of section 61.16.

I answer both questions in the affirmative, and would therefore affirm the trial court's Subsequent Fee Order, awarding fees for fees to the Former Wife. I would adopt the analysis and holding of our sister court's opinion in <u>Schneider v. Schneider</u>, 32 So. 3d 151 (Fla. 4th DCA 2010) and certify direct and express conflict with the Fifth District's opinion in <u>Wight v. Wight</u>, 880 So. 2d 692 (Fla. 2d DCA 2004), so that the Florida Supreme Court may review these decisions and establish uniformity within the State of Florida.

## II.    Discussion

Section 61.16(1) provides in pertinent part:

<u>61.16. Attorney's fees, suit money, and costs</u>
(1) The court **may from time to time**, after considering the financial resources of both parties, **order a party to pay a reasonable amount for attorney's fees,** suit money, and the

---

[12] The majority opinion's use of the term "non-party attorney" is inconsequential, as an attorney representing a client is never a party to the underlying action, meaning the characterization does not affect whether a trial court is authorized to award a party to the underlying chapter 61 proceeding fees to pay his or her attorney.

cost ***to the other party of maintaining or defending <u>any</u> <u>proceeding</u> under this chapter***, including enforcement and modification proceedings and appeals.

(Emphasis added).

As indicated, the majority opinion concludes: "Nowhere in the text does the statute provide for an award of fees incurred by the non-party attorney. . . . If the legislature wanted to allow fees for fees in this context, it would have said so." Maj. Op. at \*10, 12.[13] The majority opinion's analysis fails to properly apply relevant principles of statutory interpretation. As the Florida Supreme Court observed in <u>Conage v. United States</u>, 346 So. 3d 594, 598 (Fla. 2022):

---

[13] It is true the legislature could have said so. Yet it is more likely true that the statute is broad enough to authorize fees for fees, and if the legislature had wanted to ***disallow*** fees for fees in this context, it would have said so, <u>see</u>, <u>e.g.</u>, § 57.112(3), Fla. Stat. (2025) ("If a civil action is filed against a local government to challenge the adoption of a local ordinance on the grounds that the ordinance is arbitrary or unreasonable, the court may assess and award reasonable attorney fees and costs and damages to a prevailing plaintiff. An award of reasonable attorney fees or costs and damages pursuant to this subsection may not exceed $50,000. ***In addition, a prevailing plaintiff may not recover any attorney fees or costs directly incurred by or associated with litigation to determine an award of reasonable attorney fees or costs.***") (emphasis added); <u>cf.</u> <u>Burton Fam.</u> <u>P'ship v. Luani Plaza, Inc.</u>, 276 So. 3d 920, 923 (Fla. 3d DCA 2019) (affirming an award of fees for fees pursuant to the terms of the community's governing by-laws which "allow for the recovery of fees 'for litigating the issue of the amount of fees to be awarded' in both the trial and appellate proceedings."). This position is consistent with the legislature's stated intent that the chapter be "liberally construed and applied." § 61.16(1), Fla. Stat.

[J]udges must "exhaust 'all the textual and structural clues' " that bear on the meaning of a disputed text. <u>Alachua County v. Watson</u>, 333 So. 3d 162, 169 (Fla. 2022) (quoting <u>Niz-Chavez v. Garland</u>, __U.S.__, 141 S. Ct. 1474, 1480, 209 L.Ed.2d 433 (2021)). That is because "[t]he plainness or ambiguity of statutory language is determined by reference to **the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.**" <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997).

(Emphasis added).

Expanding on this principle, the <u>Conage</u> Court noted:

It would be a mistake to think that our law of statutory interpretation requires interpreters to make a threshold determination of whether a term has a "plain" or "clear" meaning in isolation, without considering the statutory context and without the aid of whatever canons might shed light on the interpretive issues in dispute.

<u>Id.</u>; <u>see also</u> <u>Incident365 Fla., LLC v. Ocean Pointe V Condo. Ass'n, Inc.</u>, 404 So. 3d 475, 479 (Fla. 3d DCA 2024) ("In <u>Conage v. United States</u>, 346 So. 3d 594 (Fla. 2022), the Florida Supreme Court made clear that ***in reviewing the plain meaning of words utilized in a statute, courts cannot do so in isolation.*** Instead, courts must consider 'the specific context in which that language is used, and the broader context of the statute as a whole.'") (emphasis added).

It is necessary, therefore, to analyze the language of this statutory provision in its proper context, including the underlying purpose served by

24

the provision and by the statutory framework of Chapter 61.  Doing so leads to the inescapable conclusion that section 61.16(1) grants the trial court the discretion, after consideration of appropriate factors, to award fees for "any proceeding," including an award of fees incurred at a postjudgment proceeding to determine the amount of the fees to be awarded.

III.    **The Broad Language, Unique Nature, and Salutary Purpose of Section 61.16(1)**

There are several unique and distinguishing features of this statute. As an initial matter, section 61.16(1) is not a "prevailing party" attorney's fee statute.  Indeed, it is unlike virtually any other statutory attorney's fee provision.  Sweeping in its scope, this statute serves a unique salutary purpose by authorizing a trial court to use its discretion and equitable powers to "level the playing field" in a dissolution of marriage or related proceeding under Chapter 61.  See, e.g., Schneider, 32 So. 3d at 156 (recognizing that section 61.16 is not a prevailing party statute; it permits the award of temporary attorney's fees as well as a final award, based upon the parties' relative financial circumstances and their relative need and ability to pay).

For instance, section 61.16(1) authorizes a trial court, under appropriate circumstances and in consideration of certain requisite factors, to order one party (**even the *"prevailing"* party**) to pay a reasonable amount for attorney's fees, suit money, and costs to the other party (**even if**

25

**that other party is the "*losing*" party**).[14] <u>Lamolinara v. Lamolinara</u>, 85 So. 3d 1147, 1149 (Fla. 1st DCA 2012) (finding former wife's lack of success on appeal, alone, was an insufficient reason to deny her an award of appellate attorney's fees: "Unlike most statutes authorizing attorney's fees, [under] section 61.16, Florida Statutes . . . where the relative financial circumstances of the contestants justify it, even the losing party may be awarded a fee.") (quotation omitted); <u>Humerickhouse v. Humerickhouse</u>, 932 So. 2d 1142, 1145 (Fla. 2d DCA 2006) ("An award of attorney's fees in domestic support cases is not dependent on one party's success in the litigation but rather upon the parties' relative financial resources."); <u>see also</u> <u>Rosen v. Rosen</u>, 696 So. 2d 697, 700 (Fla. 1997) (noting that "proceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law."); <u>id.</u> at 699 ("The purpose of [] section [61.16(1)] is to ensure that both parties will have a similar ability to obtain competent legal counsel."); <u>Standard Guar. Ins. Co. v. Quanstrom</u>, 555 So. 2d 828, 835 (Fla. 1990) ("Our case law implementing this statute requires a judge to consider the needs of

---

[14] In his specially concurring opinion in <u>Wight</u>, Judge Silberman notes this distinguishing feature of the statute, aptly describing one party as the "monied party" and the other as the "needy party." <u>Wight</u>, 880 So. 2d at 695 (Silberman, J., specially concurring). <u>See also</u> discussion *infra* at *21-23.

the party seeking a fee and the financial resources of the parties to assure that both parties receive adequate representation.").

Neither does the statute require entry of a final judgment before the trial court is authorized to enter an award of attorney's fees. To the contrary, the statute plainly provides that "[t]he court may *from time to time*, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees. . . ." § 61.16(1), Fla. Stat. (emphasis added). This dovetails with the fact that the statute is not a prevailing-party attorney's fee statute, but instead authorizes the award of both temporary attorney's fees during the course and pendency of the proceedings, as well as a final judgment awarding attorney's fees at the conclusion of the case.[15] See Schneider, 32 So. 3d at 156 (noting that section 61.16(1) "permits awards of temporary attorney's fees as well as a final award. It is not a prevailing party fee statute"). Section 61.16(1)'s grant of discretion to award temporary attorney's fees manifests the statute's expansive language authorizing the trial court to order one party to pay the other's reasonable

---

[15] As discussed *infra* at *22, the trial court retains the authority to award attorney's fees in postjudgment dissolution proceedings as well, which often are as lengthy (and as costly) as proceedings leading up to the final judgment of dissolution. See, e.g., Pimienta v. Rosenfeld, 388 So. 3d 978, 980 (Fla. 3d DCA 2024) ("Where a motion for attorney's fees is made on the cost of litigation incurred for post-dissolution proceedings, the motion cannot be considered moot as contained in the final judgment.").

27

attorney's fees for "maintaining or defending *any proceeding* under this chapter . . ." (emphasis added).

Again, the overriding purpose underlying this statute is to "level the playing field in family-law proceedings, ensuring both parties have an equal ability to obtain competent legal counsel." Alvarez v. Jimenez, 337 So. 3d 117, 120 (Fla. 3d DCA 2021) (quoting Martin v. Martin, 959 So. 2d 803, 805 (Fla. 1st DCA 2007)); Quanstrom, 555 So. 2d at 835 (noting that section 61.16 "requires a judge to consider the needs of the party seeking a fee and the financial resources of the parties to assure that both parties receive adequate representation. A significant purpose of this fee-authorizing statute is to assure that one party is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party."); see also Helinski v. Helinski, 305 So. 3d 703, 707 (Fla. 3d DCA 2020) (noting section 61.16(1) "should be 'liberally' construed 'to allow consideration of any factor necessary to provide justice and ensure equity between the parties.'") (quoting Rosen, 696 So. 2d at 700).

This underlying purpose is analogous to the one addressed in Palma— "to encourage attorneys to represent indigent clients." Palma, 629 So. 2d at 833. Put differently, while the primary purpose of section 61.16 fees is to create a level playing field between the parties for "any proceeding" in the

28

course of a dissolution or other action under Chapter 61, subsumed within it is the equitable objective of ensuring that a spouse with "a lack of access to money or other assets" can nevertheless hire counsel. Haslauer v. Haslauer, 381 So. 3d 662, 666 (Fla. 1st DCA 2024) (discussing purpose of section 61.16: "[A] trial court must consider whether the requesting party has a lack of access to money or other assets that precludes him or her from hiring counsel to assist in ably seeing the proceeding through to its conclusion." (quoting Jessup v. Werner, 354 So. 3d 605, 608-09 (Fla. 1st DCA 2022))); Nichols v. Nichols, 519 So. 2d 620, 622 (Fla. 1988) ("Where one spouse effectively is unable to pay for legal counsel and the other suffers no similar disability, the very purposes of Florida's dissolution statute are jeopardized and the trial court risks inequity."); Caryi v. Caryi, 119 So. 3d 508, 511 (Fla. 5th DCA 2013) ("The purpose of section 61.16 is to ensure that both parties have similar ability to secure legal counsel."). Under those circumstances—where one spouse "lacks access to money or other assets"—an award of fees for fees to that spouse would not "inure[] solely to the attorney's benefit" but would help ensure the spouse is properly represented by counsel.[16]

---

[16] The majority opinion contends that an award of fees for fees does not comport with Chapter 61's overarching purpose, relying primarily upon the statutory scheme's purpose set forth in section 61.001, Florida Statutes: "[]To preserve the integrity of marriage and to safeguard meaningful family relationships; [] To promote the amicable settlement of disputes that arise

29

To fulfill the purpose of section 61.16, the statutory language is exceptionally broad. It does not simply provide for an award of fees for **some** proceedings, nor limit the nature of the attorney's fees to be awarded or which party may receive fees. Instead, it authorizes the court to order one party to pay the other party a reasonable amount of attorney's fees for maintaining or defending "***any proceeding***" **under Chapter 61** (even if the party receiving the fee award "***lost***" that proceeding). And the term "any proceeding," as used in the context of section 61.16, is the equivalent of "all proceedings." <u>See, e.g.</u>, <u>Dows v. Nike, Inc.</u>, 846 So. 2d 595, 601 (Fla. 4th DCA 2003) ("The definition of 'any,' as the [T]hird [D]istrict explained in <u>Acceleration National Service Corp. v. Brickell Financial Services Motor</u>

---

between parties to a marriage; and [] To mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." Yet these purposes are not inherently inconsistent with a trial court, upon proper findings, awarding fees for fees where one spouse "has a lack of access to money or other assets that precludes him or her from hiring counsel to assist in ably seeing the proceeding through to its conclusion." <u>Haslauer v. Haslauer</u>, 381 So. 3d 662, 666 (Fla. 1st DCA 2024) (quoting <u>Jessup v. Werner</u>, 354 So. 3d 605, 608-09 (Fla. 1st DCA 2022)); <u>Nichols v. Nichols</u>, 519 So. 2d 620, 622 (Fla. 1988) ("Where one spouse effectively is unable to pay for legal counsel and the other suffers no similar disability, the very purposes of Florida's dissolution statute are jeopardized and the trial court risks inequity."). In fact, under those limited circumstances, such authorization arguably serves the purpose of "mitigat[ing] the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." § 61.001(2)(c), Fla. Stat.

Club, Inc., 541 So. 2d 738, 739 (Fla. 3d DCA 1989), means 'one or another without restriction or exception; often synonymous with 'either,' 'every' or 'all.'"); Carlson v. State, 227 So. 3d 1261, 1268 (Fla. 1st DCA 2017) ("[G]enerally 'any' means 'all' . . . ."); Dickinson v. Cahoon, 144 So. 345, 347 n.4 (Fla. 1932) ("For this reason the last two paragraphs of section 11 should not be construed as being confined to certificates of vehicles 'in common carriage' only, but as applying to 'any' (which means all) vehicles falling within the scope of the act for regulatory purposes."); Baker v. Econ. Rsch. Servs., Inc., 242 So. 3d 450, 453 (Fla. 1st DCA 2018) ("Because 'any' means 'all,' Anders v. Hometown Mortg. Servs., Inc., 346 F.3d 1024, 1028 (11th Cir. 2003) (citing Merritt v. Dillard Paper Co., 120 F.3d 1181, 1186 (11th Cir. 1997)), the forum-selection clauses apply to *all* disputes related to the contracts, whether those disputes arose before or after termination of the contracts.") (emphasis in original); see also Regions Bank v. Legal Outsource PA, 936 F.3d 1184, 1194 (11th Cir. 2019) ("We have repeatedly explained that when Congress uses the word 'any' without language limiting the breadth of that word, 'any' means all."); United States v. Caniff, 955 F.3d 1183, 1190 (11th Cir. 2020) ("As we have often had occasion to say, when interpreting a statute, 'any' means 'all.'"); Laperriere v. Vesta Ins. Grp., Inc., 526 F.3d 715, 726 (11th Cir. 2008) ("[T]he term 'any' in a statute has a

31

'broad,' 'powerful,' and 'expansive' meaning; 'it does not mean 'some' or 'all but a few,'' but instead means 'all.''). This position is supported by the case law. In <u>Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC</u>, 88 So. 3d 386 (Fla. 4th DCA 2012), the Fourth District affirmed the trial court's award of fees for fees, holding the contractual attorney's fees provision was broad enough to encompass an award of fees for time spent litigating the amount of fees to be awarded. The contract between the parties provided:

> In the event of ***any litigation*** between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys', paralegals' and para-professionals' fees and court costs at all trial and appellate levels.

<u>Id.</u> at 387 (Emphasis added).

In like fashion, section 61.16(1) provides for an award of attorney's fees for "any proceeding" which is at least as broad as the "any litigation" contractual provision construed in <u>Waverly</u>. <u>See also</u> <u>Trial Practices, Inc. v. Hahn Loeser & Parks, LLP for Antaramian</u>, 228 So. 3d 1184, 1187 (Fla. 2d DCA 2017), quashed on other grounds, 260 So. 3d 167 (Fla. 2018) (contractual provision between the parties provided that the "prevailing party in any action arising from or relating to this agreement will be entitled to ***recover all expenses of any nature incurred in any way in connection with the matter*** . . . including, but not limited to, attorneys' and experts' fees.") (emphasis added). In support of its rationale, the majority opinion

posits that a "fee hearing[] to determine the amount of the fees to be awarded to the non-party attorney . . . is not a proceeding under chapter 61." Maj. Op. at *10.  I do not agree.

Here, the Former Wife's motion to enforce the parties' settlement agreement was filed under Chapter 61, triggering entitlement to fees under the statute. § 61.16(1), Fla. Stat. ("The court may from time to time . . . order a party to pay a reasonable amount for attorney's fees . . . to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals."). Those fees were thus incurred in a Chapter 61 proceeding, and subsequently awarded "under" Chapter 61—meaning a fee hearing is not independent of the dissolution litigation, but is necessarily a Chapter 61 "proceeding" under the statute's purposely broad language.  And any fees incurred seeking payment of those fees are "recoverable as incidents of 'maintaining or defending any proceeding' under Chapter 61." Leone v. Weed, 448 So. 2d 74, 75 (Fla. 4th DCA 1984) ("[W]e hold that a trial court can award attorneys' fees for the collection of attorneys' fees pursuant to Section 61.16, Florida Statutes (1981)."); see also Proceeding, Black's Law Dictionary (12th ed. 2024) ("**1.** The regular and orderly progression of a lawsuit, including *all acts and events between the time of commencement and the entry of judgment*.  **2.** *Any*

33

*procedural means for seeking redress from a tribunal or agency*.  **3.** An act or step that is part of a larger action.") (emphasis added); see also De Campos v. Ferrara, 90 So. 3d 865, 869 (Fla. 3d DCA 2012) (holding section 61.16(1) governed entitlement to fees in the declaratory action which sought to enforce the party's property settlement agreement: "Because the petition in this matter invoked the trial court's jurisdiction under chapter 61, which it had acquired and retained over the Former Husband and Former Wife in the dissolution proceedings, to enforce the agreement as incorporated into the judgment, section 61.16(1) is applicable to the proceedings below."); compare with Lewis v. Lewis, 689 So. 2d 1271, 1274 (Fla. 1st DCA 1997) (denying wife's motion for appellate attorney's fees under Chapter 61: "It cannot be said that this proceeding involved enforcement or facilitation of a chapter 61 proceeding. The domestic violence proceeding is an action independent of the dissolution process."); Bane v. Bane, 775 So. 2d 938, 942 n.4 (Fla. 2000) (distinguishing domestic violence actions from proceedings under Chapter 61 for purposes of fees: "[T]he important distinction between these cases and the present case is that the cases concerning domestic violence injunction proceedings all involved an independent action under chapter 741, and *none of the*

*actions were filed under chapter 61 or pertained to enforcement or modification of the final judgment of dissolution.*") (emphasis added).

Finally, and unlike many other statutory (or contractual) attorney's fees provisions, "[a] trial court has broad discretion in awarding attorney's fees in a dissolution case."[17]  Kouzine v. Kouzine, 44 So. 3d 213, 215 (Fla. 5th DCA 2010); see also Rose v. Rose, 883 So. 2d 348 (Fla. 3d DCA 2004); Williams v. Williams, 365 So. 3d 1235 (Fla. 1st DCA 2023); Chhouri v. Chhouri, 2 So. 3d 987 (Fla. 2d DCA 2008); Rosenbloom v. Rosenbloom, 892 So. 2d 531 (Fla. 4th DCA 2005). This broad discretion vested in the trial court is essential to achieving the statute's underlying equitable purpose, as the Florida

---

[17] In contrast, where entitlement to attorney's fees is based on a contractual prevailing party attorney's fee provision, a trial court is generally without discretion and must award a reasonable attorney's fee to the prevailing party. See, e.g., Mott v. Mott, 800 So. 2d 331, 333 (Fla. 2d DCA 2001) ("Indeed, when the agreement provides for fees to be awarded to the prevailing party, the trial court is without discretion to decline to enforce that provision."); Rose v. Rose, 615 So. 2d 203, 204 (Fla. 4th DCA 1993) ("Where the contract provides for attorney's fees to be awarded to the prevailing party in litigation arising out of the contract, the trial judge is without discretion to decline to enforce the provision."); see also Dean v. Dean, 655 So. 2d 243 (Fla. 3d DCA 1995) (concluding that where a party is entitled to a contractual fee award, the conditions applicable under section 61.16 are irrelevant). Furthermore, my research has uncovered no statute (other than section 61.16(1)) that grants a trial court the discretion to order the winning party in a proceeding to pay a reasonable attorney's fee to the losing party in that proceeding. These are among the characteristics distinguishing this statute (and the entire Chapter 61 framework) from other statutes authorizing the award of attorney's fees.

Supreme Court noted in its seminal decision of <u>Rosen v. Rosen</u>, 696 so. 2d

697 (Fla. 1997):

> [P]roceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law. <u>See</u> § 61.011, Fla. Stat. (1995) ("Proceedings under this chapter are in chancery."). *The legislature has given trial judges wide leeway to work equity in chapter 61 proceedings*. <u>See, e.g.</u>, § 61.001, Fla. Stat. (1995). Thus, section 61.16 should be liberally—not restrictively—construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties.
>
> *Section 61.16 constitutes a broad grant of discretion*, the operative phrase being "from time to time." The provision simply says that a trial court may from time to time, i.e., depending on the circumstances surrounding each particular case, award a reasonable attorney's fee after considering the financial resources of both parties. *Under this scheme, the financial resources of the parties are the primary factor to be considered*. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation. Had the legislature intended to limit consideration to the financial resources of the parties, the legislature easily could have said so.
> . . .
> We further find that a court may consider all the circumstances surrounding the suit in awarding fees under section 61.16.

<u>Id.</u> at 700-01 (footnote omitted) (emphasis added).

Section 61.16 is a unique attorney's fee provision, utilizing all-inclusive

language ("any proceeding") to authorize an award of attorney's fees, vesting

broad discretion in the trial court to award such fees from "time to time," whether on a temporary basis, in a final judgment, or in a postjudgment proceeding, in furtherance of the salutary statutory purpose of ensuring that equity be done and that both parties proceed on an equal financial footing. Construing section 61.16(1)'s phrase "any proceeding" to encompass an award of attorney's fees incurred in a proceeding to determine the amount of fees to be awarded comports with this statutory purpose and with the introductory subsection of Chapter 61, which expressly provides: "This chapter shall be liberally construed and applied." § 61.001, Fla. Stat. (2023). Therefore, and consistent with the analysis set forth by the Florida Supreme Court in Palma, the award of fees for fees is authorized by section 61.16(1).

## IV.  Certifying Express and Direct Conflict

The Second District's decision in Wight v. Wight, 880 So. 2d 692 (Fla. 2d DCA 2004), and the Fourth District's decision in Schneider v. Schneider, 32 So. 3d 151 (Fla. 4th DCA 2010), directly conflict with each other on the issue of whether section 61.16 authorizes an award of fees for litigating the amount of attorney's fees. I would adopt the analysis and holding of Schneider, as it applies most faithfully the Florida Supreme Court's analysis in Palma.

In Wight, the trial court awarded attorney's fees to the wife in a postjudgment proceeding, which included an award of fees for time spent litigating the amount of attorney's fees. The Second District reversed, citing Palma: "In awarding fees for litigating all issues relating to attorney's fees, the federal courts have noted that such awards comport with the purpose behind most statutory fee authorizations, namely to encourage attorneys to represent indigent clients." Wight, 880 So. 2d at 694 (quoting Palma, 629 So. 2d at 833). The Wight court also properly noted that "whether attorney's fees should be awarded for litigating the amount of fees due depends on the purpose of the statute under which the fees are sought. . . ." Id. (quoting McMahan v. Toto, 311 F.3d 1077, 1086 (11th Cir. 2002) and citing Palma, 629 So. 2d at 833)). The Wight court concluded:

> In a dissolution proceeding, the determination of an appropriate attorney's fee is governed by section 61.16, Florida Statutes, which specifically provides that "the financial resources of both parties" are to be considered in awarding attorney's fees. Unlike the federal statutes referred to in Palma, there is no indication of legislative intent in this statute to encourage lawyers to represent indigent clients. Rather, "[t]he statute's purpose is to ensure that both parties possess a similar ability to retain competent legal counsel."

Id. at 695.

The Wight Court limited its analysis to consideration of Section 61.16's underlying purpose, without similar consideration of the statutory text. This

38

is contrary to the Court's analysis in <u>Palma</u>. Each case must rise or fall on an analysis of *both* the language of the particular statutory provision, in its proper context, and consideration of the statute's underlying purpose. <u>See</u> <u>Palma</u>, 629 So. 2d at 833 ("Our conclusion that statutory fees may be awarded for litigating the issue of entitlement to attorney's fees but not the amount of attorney's fees comports with *the purpose of section 627.428 and with the plain language of the statute*. If the scope of *section 627.428* is to be expanded to include fees for time spent litigating the amount of attorney's fees, then the Legislature, rather than this Court, is the proper party to do so.") (emphasis added).

This was precisely the analysis undertaken by the Fourth District in <u>Schneider</u>, which reached an opposite result. The <u>Schneider</u> court characterized section 61.16 as "a decidedly different statute from the statute involved in <u>Palma</u>," <u>Schneider</u>, 32 So. 3d at 156, and held that section 61.16(1) authorizes the trial court, in the exercise of its discretion, to award fees for fees:

> [U]nlike the statute involved in <u>Palma</u> in which attorney's fees were granted in an action at law, courts assessing fees in dissolution of marriage proceedings look to far different factors in determining both the entitlement and amount of fees. Whether a party is entitled to fees depends upon the court's rulings as to the distribution of assets, alimony, and child support, which all factor into the determination of the need of the requesting spouse. But the amount of fees also impacts the financial

39

circumstances of the requesting spouse, because leaving an impecunious spouse with substantial fees to pay could severely impact that spouse's financial circumstances. Indeed, <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197 (Fla. 1980), teaches that an award of attorney's fees may be proper to prevent an inequitable diminution of one spouse's assets.

The assessment of fees in a marital dissolution action is part of the court's duty to effect an equitable division of the parties' assets and income. The need and ability to pay requirement is tantamount to a finding of entitlement of one spouse to have the other spouse pay all or a portion of the spouse's fees. To determine that need and ability, however, the amount of those fees must also be considered. Therefore, the court in its discretion may assess fees for litigating both factors, as they are part and parcel of the equitable proceedings.

<u>Id.</u> at 156-57.

In doing so, the Fourth District disagreed with the Second District's contrary conclusion in <u>Wight</u>, 880 So. 2d 692, which "applied <u>Palma</u> to hold that fees awarded to a needy spouse in a dissolution action cannot include fees for litigating the amount of fees." <u>Schneider</u>, 32 So. 3d at 157; <u>see also</u> <u>Wight</u>, 880 So. 2d at 695 ("[T]here is no indication of legislative intent in this statute to encourage lawyers to represent indigent clients. Rather, '[t]he statute's purpose is to ensure that both parties possess a similar ability to retain competent legal counsel.'") (quoting <u>Lopez v. Lopez</u>, 780 So. 2d 164, 166 (Fla. 2d DCA 2001)).

Both <u>Wight</u> and <u>Schneider</u>—like this case—involved a postjudgment order awarding (or, as in <u>Schneider</u>, denying an award of) fees for fees.

40

Although the Second District in <u>Wight</u> held that section 61.16 did not authorize an award of fees for fees in that postjudgment proceeding, the court narrowed its holding in the subsequent decision of <u>Baker v. Baker</u>, 35 So. 3d 76 (Fla. 2d DCA 2010). There, the Second District approved the trial court's award of **temporary** attorney's fees that included an award of fees for fees. In doing so, the Second District adopted Judge Morris Silberman's specially concurring opinion in <u>Wight</u>, and recognized that the salutary purpose of section 61.16(1) is served by permitting an award of fees for fees in the context of temporary fees:

> We decline to extend <u>Wight</u> [<u>v. Wight</u>, 880 So. 2d 692 (Fla. 2d DCA 2004)] to temporary fee awards because it may affect the needy party's ability to litigate the remainder of the case. The Florida Supreme Court has "stated that 'section 61.16 should be liberally-not restrictively-construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties.'" <u>Id.</u> at 696 (Silberman, J., concurring specially) (quoting <u>Rosen v. Rosen</u>, 696 So. 2d 697, 700 (Fla. 1997)). Section 61.16 also serves the "significant purpose" of assuring that the needy party "'is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party.'" <u>Id.</u> (quoting <u>Rosen</u>, 696 So. 2d at 699). *Preventing a needy party from recovering fees for litigating the amount of fees that the "monied party" is required to pay may undermine the purpose of section 61.16.* <u>Id</u>.

> Here, the Wife points out that a determination of the amount of temporary fees does not inure solely to the attorney's benefit but inures to the litigant's benefit. *The needy party may be unable to undertake litigation of the amount of fees, and in a case regarding temporary fees, like the present one, it may affect the needy party's ability to litigate the remainder of the case.*

41

<u>Baker</u>, 35 So. 3d at 78 (emphasis added).

While the underlying purpose of section 61.16 is arguably **most completely** achieved in the context of a prejudgment award of temporary fees, the statute's salutary purpose is nevertheless still served (even if arguably to some lesser extent) by authorizing the trial court to determine whether an award of fees for fees is appropriate in a final judgment or in a postjudgment proceeding. Whatever the procedural posture—whether before, at or after judgment—the underlying purpose of section 61.16 remains: ensuring that both parties possess a similar ability to retain competent legal counsel. It is the trial court that should be tasked, in the exercise of its discretion and consideration of the relevant factors, to determine whether an award of fees for fees is appropriate.

As anyone with even a modicum of legal experience in contested marital dissolution litigation knows, the final judgment is quite often far from the "final" proceeding. Indeed, postjudgment enforcement and modification proceedings are some of the most heavily contested and intensely litigated proceedings under Chapter 61, and often last longer (and cost more) than the original dissolution proceeding itself. The Legislature implicitly recognized this, providing for an award of attorney's fees for "maintaining or defending **any proceeding** under this chapter*, including enforcement and*

42

*modification proceedings*." § 61.16(1), Fla. Stat. (emphasis added). Prohibiting a trial court—as a matter of law[18]—from exercising its discretion to award fees for fees in the postjudgment context threatens to "leav[e] an impecunious spouse with substantial fees to pay, [which] could severely impact that spouse's financial circumstances." Schneider, 32 So. 3d at 157. Moreover, precluding those fees "as a matter of law"—as the majority opinion does—fundamentally undermines the nature and purpose of section 61.16.

I would adopt the analysis and holding of Schneider and certify express and direct conflict with Wight.

### V.   Conclusion

Given the "broad grant of discretion" accorded the trial court under section 61.16(1), see Rosen, 696 So. 2d at 700, the expansive and all-encompassing language used by the Legislature (authorizing an award of fees for "maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings") and the statute's unique nature and salutary purpose, I would hold that the trial court, upon

---

[7] Indeed, the majority's opinion that, **as a matter of law**, section 61.16(1) does not authorize **any** award of fees for fees, conflicts even with the Second District's opinion in Baker, which narrowed its earlier decision in Wight, and held that an award of fees for fees **is** authorized under section 61.16 where it is encompassed within a temporary attorney's fee award. See discussion *supra* at *22.

proper consideration of the requisite factors, is permitted to order one party to pay a reasonable attorney's fee to the other party for maintaining or defending "any proceeding" under the chapter, including an award of "fees for fees" incurred in a proceeding to determine the amount of fees to be awarded in a proceeding under chapter 61. Such a holding is consistent with the analysis set forth by the Florida Supreme Court in <u>Palma</u>.

For these reasons, I respectfully concur in part and dissent in part.